# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00404-CV

**Janna D. Harris, Appellant**

**v.**

**Winston E. Harris, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. FM100936, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This ongoing child-custody and child-support dispute involves litigation in three different states. The current dispute arose when the parties each sought to register conflicting Mississippi custody and support orders for modification or enforcement in Texas. *See* Tex. Fam. Code Ann. '' 152.305, 159.601-.614 (West 2002). Because the child and his mother had been living in Texas for more than six months, the trial court determined that it had jurisdiction over the parties for the purpose of custody. *See id.* '' 152.201, .203 (West 2002). The court further found that a Louisiana court had taken jurisdiction over the child-support issue and, therefore, that it was unable to address it. *See id.* ' 159.201 (West 2002). In two final orders, the trial court affirmed and amended the Mississippi custody award, but vacated the registration of all foreign support orders. We will affirm the orders of the trial court.

## BACKGROUND

Janna Harris and Winston Harris were married in 1984 and divorced ten years later. During their marriage, they resided in Jackson, Mississippi. The 1994 Mississippi divorce decree granted Ms. Harris full legal custody of their only child, who was seven years old at the time. Mr. Harris was granted visitation rights and ordered to pay child support and alimony. During the litigation or shortly thereafter, Mr. Harris moved to Baton Rouge, Louisiana. Ms. Harris remained in Jackson for several years.

In January 2000, the Mississippi trial court ordered Mr. Harris to pay Ms. Harris $30,659.70 for alimony and child-support arrearages. A week later, the amount of the arrearages were reduced to credit his payments of $6,000. A month after that, the Mississippi court ordered that Mr. Harris=s earnings be withheld to meet these child support and alimony obligations.

In March 2000, Ms. Harris and the child moved to Austin, Texas.[1] In December 2000, Mr. Harris returned to the Mississippi court and filed a motion to modify the child-custody determination, alleging that he had been denied access to his son. At that point, none of the parties had resided in Mississippi for several months. Ms. Harris did not personally return to Mississippi, but she participated in the lawsuit through her Mississippi counsel. She also filed a lawsuit in Travis County seeking to modify the Mississippi court=s earlier custody determination, and a lawsuit in Jefferson County, Louisiana seeking to enforce the Mississippi court=s earlier child-support orders, including the award of arrearages.

---

[1] There is some indication that Ms. Harris and the child spent a short time in Fairplay, Colorado, and might have finally settled in Austin sometime after March 2000.

On May 1, 2001, the Mississippi court found Ms. Harris to be in contempt of court for failure to follow its prior orders. Linking the support issue to the visitation issue, the court suspended Mr. Harris=s child support obligations and ordered Ms. Harris to pay $61,340 to Mr. Harris for Arefunded@ child support and reimbursement for personal property belonging to him that she took with her to Austin.

Immediately after the Mississippi court ruled, Mr. Harris registered its judgment in Louisiana. A few weeks later, the Louisiana court ruled that it had jurisdiction over Mr. Harris to address child-support issues, and further held that the May 2001 order suspending all child-support obligations was Acontrolling.@ Dissatisfied with this outcome in the Louisiana child-support proceedings, Ms. Harris returned to Texas, where her custody suit was pending, and filed a motion asking the Texas court to Arecognize@ the January and February 2000 Mississippi child-support orders as Acontrolling@ and to Areinstate@ such orders. She did not register any foreign orders at this time.

Texas has enacted the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) and the Uniform Interstate Family Support Act (UIFSA). These two statutes prescribe parallel mechanisms for registering in this state foreign custody and support orders from sister states or countries. *See id.* '' 152.305, 159.602, .605-.608. The purpose of the uniform acts is to eliminate duplicate, conflicting orders. First, a party sends to a Texas court a foreign child-custody determination or child-support order. *See id.* '' 152.305, 159.602. The court then files the determination or order as a Aforeign judgment@ and forwards a copy to the other parent or party. *See id.* '' 152.305, 159.602, .605. This party may then contest the validity of the foreign judgment and seek a hearing within twenty days after receiving notice. *See id.* '' 152.305, 159.606. The party contesting registration must prove one of several defenses; for example, the contesting party can establish that the issuing court lacked jurisdiction, or that the foreign judgment has been vacated, stayed, or modified by a court with proper jurisdiction. *See id.* '' 152.305, 159.607. The registration may also be confirmed as a matter of law if there is no timely request for a hearing. *See id.* '' 152.305, 159.605.

Mr. Harris sought to register and enforce the May 2001 Mississippi judgment, encompassing both child-support and child-custody orders.[2] Ms. Harris contested the registration, and registered the January and February 2000 Mississippi support orders. After a hearing, the Texas court found that it had jurisdiction over the child-custody issue under the UCCJEA and modified *all* prior custody determinations in a new order. The court designated Ms. Harris the sole managing conservator, named Mr.

---

[2] Mr. Harris simultaneously sought to register another Mississippi judgment rendered on July 25, 2001 awarding him attorney=s fees and miscellaneous expenses.

Harris possessory conservator, and mandated shared responsibilities. However, the trial court found that the Louisiana court had taken jurisdiction over the child-support issue and vacated the registration of all foreign orders relating to child support.

## DISCUSSION

In this appeal, Ms. Harris alleges that the trial court erred in failing to confirm the registration of the January and February 2000 Mississippi child-support orders and in failing to designate which Mississippi custody order it was purporting to modify.

### Child Support Issues

Texas trial courts are given wide discretion in setting child support, and a support order will not be set aside on appeal absent a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). However, because a determination of subject matter jurisdiction presents a question of law, we apply a de novo standard of review. *In re M.W.T.*, 12 S.W.3d 598, 601 (Tex. App.CSan Antonio 2000, pet. denied). Ms. Harris claims that the Texas trial court should have determined under UIFSA that the January and February 2000 Mississippi child-support orders are Acontrolling@ over the Avoid@ May 2001 order suspending Mr. Harris=s child-support obligations.

By asking the Texas court to determine which Mississippi child-support order is controlling, Ms. Harris is attempting to collaterally attack the Louisiana order concerning child support. This, she may not do in Texas. In its order, the trial court correctly ruled that the Louisiana court in which Ms. Harris earlier sought to modify the Mississippi child-support orders Ahas taken jurisdiction and has jurisdiction over

**5**

Winston E. Harris to modify and/or enforce the child support issue.@ *See generally* Tex. Fam. Code Ann. ' 159.205 (West 2002). The court further noted that the Louisiana court had recognized the May 2001 Mississippi judgment as controlling. This observation does not in any way endorse the Louisiana court=s ruling, as Ms. Harris seems to fear; it only indicates that Louisiana is the proper forum to adjudicate the child-support issue. Any error in the Louisiana court=s recognition of an invalid Mississippi order must be raised in Louisiana. *See id.* ' 159.611; *Link v. Alvarado*, 929 S.W.2d 674, 676-77 (Tex. App.CSan Antonio 1996, writ dism=d w.o.j.).

Additionally, before a Texas court can enforce any foreign order addressing this child-support dispute, it must have personal jurisdiction over Mr. Harris. *See* Tex. Fam. Code Ann. ' 159.201. Ms. Harris conceded below that the Texas court did not have personal jurisdiction over Mr. Harris, but nonetheless continued to insist that the court should designate the January and February 2000 Mississippi child-support orders as Acontrolling.@ Ms. Harris argues that in May 2001 the Mississippi court no longer had jurisdiction to modify its earlier support orders because, at that time, neither parent nor the child resided in the state. Indeed this appears to be what UIFSA contemplates. *See id.* ' 159.205. But this argument must be raised with the Louisiana court that recognized the May 2001 order, not the Texas court that lacks jurisdiction to enforce any child support order.

The trial court determined that Mr. Harris is not a resident of Texas, did not consent to personal jurisdiction in Texas, and did not petition the court in an effort to modify or enforce any order under Chapter 159. Ms. Harris does not contest these findings. On these facts, the trial court correctly concluded that it did not have personal jurisdiction over Mr. Harris. *See id.* ' 159.201.

**6**

The trial court=s judgment appropriately vacates Ms. Harris=s registration of the Mississippi child-support orders.[3]  The Louisiana court had taken jurisdiction and effectively modified these orders. *See id.* ' 159.607(a)(3).  Moreover, without personal jurisdiction over Mr. Harris, Texas courts lack the power to enforce any out-of-state support orders.  We overrule Ms. Harris=s first issue.

*Child Custody Determination*

The trial court found that Texas was the child=s home state for six months prior to the commencement of the child-custody proceeding, and that no parent or child continued to reside in Mississippi, the location of the  initial child-custody determination.  The Texas trial court therefore had jurisdiction to address issues of custody.  *See id.* '' 152.201, .203.  We find no support for Ms. Harris=s assertion that the trial court=s failure to identify the specific order being modified Aundermines@ the UCCJEA.  There is no advantage to be gained in identifying which prior order the Texas order modifies, nor is there a legal requirement to do so.  *See id.* '' 152.001-.317 (West 2002).  The Texas order supersedes and controls over all prior foreign child-custody determinations.  Having received the relief she requested from the trial court, there is nothing for Ms. Harris to complain of on appeal.  We therefore overrule Ms. Harris=s second issue.

**CONCLUSION**

---

[3]  We construe the judgment as also vacating Mr. Harris=s registration of the later-rendered Mississippi child-support orders.

7

Finding no error, we overrule appellant=s issues and affirm both of the trial court=s final orders.


Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   March 6, 2003