Affirmed in Part, Reversed and Rendered in Part, Reversed and Remanded
in Part, and Memorandum Opinion filed October 31, 2006








Affirmed in Part, Reversed and Rendered in Part,
Reversed and Remanded in Part, and
Memorandum Opinion filed October 31, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00700-CV

_______________

 

IN THE INTEREST OF B.M.M. AND K.A.M.

                                                                                                                                               


On Appeal from the 310th District Court

Harris County, Texas

Trial Court Cause No. 94-57646

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Mark Taylor McDonald, Jr.,
brings this pro se appeal to challenge the trial court=s judgment of child support
arrearages against him.  We affirm in part, reverse and render in part, and
reverse and remand in part. 

I.  Factual Background

On July 13, 1995, the presiding child
support master heard a petition to establish the parent-child relationship
between McDonald and B.M.M., born July 19, 1981, and K.A.M., born December 8,
1987.  After considering the agreement of the parties and the master=s recommendations, the trial court
signed an agreed order establishing the parent-child relationship between
McDonald and the children on September 15, 1995.  On February 20, 

 








2003, an AOrder on Motion to Modify Support in
Suit Affecting the Parent Child Relationship @was signed by the court.  








On October 29, 2004, the children=s mother, Mary J. Garcia, filed a motion for
enforcement against McDonald,[1] asserting
that he had violated certain orders allegedly signed by the trial court on July
13, 1995, July 31, 2002, October 28, 2002, and February 20, 2003.  The trial
court entered an order of contempt on April 11, 2005, confirming arrearages and
holding McDonald in contempt.[2]  However, on
May 25, 2005, the trial court signed another order vacating the April 11, 2005
order Aas to contempt only,@ leaving the confirmation of arrearages in place.[3] 
The trial court additionally assessed attorneys fees and costs of $1,000.00
against McDonald.[4]  

 

II.  Issues Presented

 








In his first issue, McDonald argues
that the trial court=s order of April 11, 2005 referring  to an order signed on
October 28, 2002 is erroneous because Athere is no such order in the [trial
court=s] docket sheet, nor does the court
show any activity [whatsoever] on that date.  McDonald argues in his second
issue that he was Aerroneously prosecuted in that the Court never signed an
order of support on July 13, 1995, July 31, 2002, or October 28, 2002 and thus,
the court lacked the jurisdiction to punish [McDonald] or find him in contempt.@  In his third issue, McDonald argues
Athe Motion to Enforce, . . . the
April 11, 2005 order, [and] the May 25, 2005 order each refer to and allege
violations of orders that simply do not exist.@ McDonald asserts in his fourth issue
that the  February 20, 2003 order Ais the prevailing order, and
[McDonald] was current as to that order on the date of the trial . . . and is
now current.@  Lastly, McDonald argues in his fifth issue that Athe court never made a provision for
a lump sum payment of any amount or for reimbursement of insurance premiums in
any order, prior to the [trial court=s] order of February 20, 2003.@  In sum, we construe McDonald=s arguments to challenge the legal
and factual sufficiency of the evidence to support the trial court=s order of April 11, 2005.

We are unable to address three of
McDonald=s five issues because the issues  are
not properly before this court.  First, the contempt finding that McDonald
challenges in his second issue has been fully adjudicated in other proceedings,
and will not be revisited here.  See In re McDonald, 01-05-00616-CV,
2005 WL 2124155 (Tex. App.CHouston [1st Dist.] Aug. 30, 2005, no pet.) (mem. op). 
Second, McDonald asks this court in his fourth issue to find that McDonald is
not currently in violation of the February 20, 2003 order, but refers to no
evidence or law in support of this argument.  This issue is therefore waived.  Tex. R. App. P. 38.1(h).  Lastly, in
his fifth issue, McDonald asks us to construe all orders in this case before
February 20, 2003.  However, this issue was not presented to the trial court,
and we will not consider it for the fist time on appeal.  Tex. R. App. P. 33.1.

We
interpret McDonald=s arguments in his first and third issues to assert that the
trial court abused its discretion in signing or in failing to vacate the April
11, 2005 order because that order attempts to enforce three prior court orders
that either do not exist or do not require McDonald to make the payments
alleged.[5]

III.  Standard of Review








We
review a trial court=s confirmation of an arrearage amount under an abuse of
discretion standard.  In re T.J.L., 97 S.W.3d 257, 265 (Tex. App.CHouston [14th Dist.] 2002, no pet.); see
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).  A trial court abuses
its discretion when it acts in an arbitrary or unreasonable manner, without
reference to any guiding rules or principles.  Worford, 801 S.W.2d at
109.  In a nonjury trial where no findings of fact or conclusions of law are
filed or requested, we presume the trial court made all the necessary findings
to support its judgment.  Holt Atherton Indus., Inc. v. Heine, 835
S.W.2d 80, 83B84 (Tex. 1992).  The legal and factual sufficiency of the evidence to support
these implied findings may be challenged when, as in this case, a reporter=s record is brought forward.  Id.
at 84.  Under an abuse-of-discretion standard, legal and factual sufficiency
are not independent grounds of error, but are relevant factors in assessing
whether the trial court abused its discretion.  T.J.L., 97 S.W.3d at
266.  The trial court does not abuse its discretion if some evidence of a
substantive and probative character exists to support the trial court=s decision.  Id.  

IV.  Analysis

Garcia=s motion for enforcement alleges that
McDonald violated orders allegedly signed by the trial court on July 13, 1995,
July 31, 2002, October 28, 2002, and February 20, 2003.  McDonald contends that
the orders either do not exist or do not contain the provisions cited and thus
cannot serve as a basis for the trial court=s judgment of April 11, 2005.  Accordingly,
we must begin by determining the existence and contents of these four orders.

A.        The Prior Orders

1.         The July 13, 1995 Order








McDonald
admits that the trial court signed an order on July 13, 1995, but contends that
the order only concerned a paternity test, and did not address child support,
health insurance, or unreimbursed health care expenses.  Garcia, the real party
in interest, does not dispute this assertion on appeal.[6] 
Our review of the record confirms that the order signed on July 13, 1995 only
requires McDonald and Garcia to submit to paternity testing.  There is no order
of this date requiring McDonald to obtain health insurance for the children or
pay Garcia a percentage of the children=s unreimbursed health care expenses. 

2.         The July 31, 2002 Order

The
record on appeal contains no order signed on July 31, 2002, and the clerk of
the trial court confirms that no order of that date is contained in the court=s file.[7] 
McDonald avers that no such order exists; the existence of this order, however,
is irrelevant, because the trial court=s April 11, 2005 order makes no
reference to an order dated July 31, 2002.  Accordingly, this argument presents
nothing for our review.

3.         The
October 28, 2002 Order

The record
likewise contains no order signed on October 28, 2002, and the clerk of the
trial court confirms that no order signed on that date is in the court=s file.[8]
McDonald avers, without contradiction, that no such order exists.  Because
there is no evidence that an order was signed in this case on October 28, 2002,
we accept this assertion as correct.

4.         The February 20, 2003
Order








The
February 20, 2003 order pertains only to K.A.M.  This order requires McDonald
to pay Garcia child support of $175.00 per month beginning March 1, 2003 and
continuing until K.A.M. turns eighteen, attains a high school diploma, or is otherwise
emancipated.  It also requires Garcia to provide health insurance for K.A.M.,
and orders McDonald to pay fifty percent of K.A.M.=s unreimbursed health care expenses Aif, at the time the expenses are
incurred, [Garcia] is providing health insurance as ordered.@  If Garcia fails to provide health
insurance, she is liable for one hundred percent of K.A.M.=s necessary medical expenses.[9] 
The order further requires McDonald to pay additional Acash medical support of $150.00 each
month, beginning the 1st day of March, 2003@ and provides that Garcia Ais responsible for health care
expenses incurred monthly totaling up to an amount the equivalent of cash
medical support@ ordered to be paid by McDonald.

B.        The April 11, 2005 Order

1.         Reimbursement of Health
Insurance Premiums

According
to the trial court=s April 11, 2005 order, the court=s prior orders of July 13, 1995,
October 28, 2002, and February 20, 2003 collectively require McDonald to
reimburse Garcia for health insurance premiums she paid on the children=s behalf between August 1, 1995 and
March 1, 2005.  As previously discussed, the order of July 13, 1995 imposes no
such obligation on McDonald because it only addresses paternity testing, and
there is no evidence that an order signed October 28, 2002 exists.

The only
order at issue that requires McDonald to reimburse Garcia for health insurance
premiums is the order signed February 20, 2003.  That order does not apply
retrospectively, and by its terms, requires McDonald to pay additional child
support of $150.00 per month to Garcia for K.A.M.=s health insurance premiums beginning
March 1, 2003.  On appeal, McDonald does not dispute that he is required to pay
Garcia additional child support after March 1, 2003, and admits that the amount
of the additional child support is $150.00 per month, just as reflected in the
trial court=s order.   

Because
there is no support in the record for the ruling, we hold that the trial court
abused its discretion in finding that court orders of July 13, 1995 and October
28, 2002 obligate McDonald to reimburse Garcia for the costs of providing
health insurance prior to March 1, 2003, and in confirming an arrearage based
on the alleged violation of these orders. 








2.         Payment of Unreimbursed
Health Care Expenses

In its
April 11, 2005 order, the trial court also found that court orders of July 13,
1995, October 28, 2002, and February 20, 2003 require McDonald Ato pay 50% of the  unreimbursed 
health care expenses if, at the time the expenses are incurred, the party
ordered to provide health insurance for the children is providing health
insurance as ordered . . . .@  As previously stated, the order of
July 13, 1995 imposes no such obligation on McDonald, and there is no evidence
that an order signed October 28, 2002 exists requiring McDonald to make such
payments.  Of the orders at issue, only the order of February 20, 2003 requires
McDonald to pay for unreimbursed health care expenses.  This order applies only
to K.A.M. and requires McDonald to pay for fifty percent of her unreimbursed
health care expenses if Garcia is providing K.A.M. with health insurance.  This
obligation became effective on March 1, 2003; thus, the trial court abused its
discretion in finding McDonald in violation of the July 13, 1995 and October
28, 2002 orders and in finding McDonald in arrears for reimbursement of health
care expenses other than those pertaining to K.A.M. and incurred on or after
March 1, 2003.   

V. 
Conclusion

In her
motion, Garcia asked the trial court to enforce four specific orders, and the
trial court=s order addresses only those identified orders.  Three of the four orders
either do not obligate McDonald to pay Garcia or do not exist.  The remaining
order, signed February 20, 2003, does require McDonald to pay Garcia $150.00
per month for K.A.M.=s health insurance premiums.  That order also states that if
Garcia provides K.A.M. with health insurance, McDonald must also pay for fifty
percent of K.A.M.=s unreimbursed health care expenses incurred after March 1,
2003, but only if health insurance was in effect at the time the expense was
incurred.  Therefore, we find no support for the trial court=s finding that, under the orders at
issue, McDonald is required to reimburse Garcia for health insurance premiums
or unreimbursed health care expenses incurred for B.M.M. at any time, or for
K.A.M before March 1, 2003.








Because
no orders dated July 15, 1995 or October 28, 2002 require McDonald to make the
payments alleged, we reverse that portion of the trial court=s April 11, 2005 order finding
McDonald in violation of these orders and we render judgment that McDonald is
not in violation of such orders, and owes no payments arising from them.[10]


 In accordance with the February 20, 2003
order, we affirm the trial court=s
findings that McDonald owes additional child support of $150.00 per month for
health insurance premiums from March 1, 2003 and has failed to make twenty-five
such required payments through March 1, 2005.  Because the trial court=s award of unreimbursed health care exceeded the
payments required by the orders at issue, we likewise reverse the judgment
ordering McDonald to pay unreimbursed health care expenses that include costs
other than those incurred for K.A.M. on or after March 1, 2003.  Finally, we
remand for recalculation of arrearages based on McDonald=s failure to pay (a) fifty percent of K.A.M.=s unreimbursed health care expenses incurred from
March 1, 2003 through the date of trial and (b) the twenty-five $150.00 health
insurance premiums discussed above.[11] 

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed October 31, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.









[1]  We are unable to determine whether the motion
contained in the record is the exact motion that was tried and granted.  The
trial transcript bears the title ATrial
De Novo on the Third Amended Motion for Contempt,@ and the trial court=s order states
that the court Aheard Movant=s
Motion for Enforcement of Child-Support Order@ without identifying whether the ruling addressed an original or
amended motion.  The motion in the record contains the typed heading, AThird Amended Motion for Contempt of Child-Support
Order and Non Compliance and Order to Appear@;
however, the words AThird Amended@
have been redacted, and the word AOriginal@ handwritten above them.  Nevertheless, the clerk of
the trial court identifies this document as a Athird amended@ motion.  At trial, McDonald=s attorney stated to the court  AI have a motion for contempt for child support.  And
you mentioned the third amended, so I don=t
know that we=re looking at the same.@  Garcia=s attorney responded that McDonald had Abeen served with all three@ motions, to which McDonald=s attorney answered, AThis is what was transferred to me, but it doesn=t have a third amended order.  I just want to make
sure that I am comparing apples to apples.@ 
McDonald=s counsel then stated, AAll we did was to update the amount for the last two months.@  Based on the foregoing, we conclude that the motion
in the record contains the substance of the motion actually tried.





[2]  In the April 11, 2005 order, the trial court stated
the following:

On July 13, 1995, this Court signed Orders that
appear[] in the minutes of this Court and state[] in relevant part as follows:
. . . AAs additional child support, the Court ORDERS obligor
to, within 15 days after entry of this order, obtain health insurance for each
child subject of this suit . . . The Court ORDERS MARY J.
GARCIA to pay 50% and ORDERS MARK T. MCDONALD JR. to pay 50% of the unreimbursed
health care expenses if, at the time the expenses are incurred, the party
ordered to provide health insurance for the children is providing health
insurance as ordered . . . .@

On October 28, 2002, this Court signed Orders that
appear[] in the minutes of this Court and state[] in relevant part as
follows: . . . AMARY
JANE GARCIA is ORDERED to pay 50% and MARK TAYLOR MCDONALD JR.  is ORDERED to
pay 50% of the unreimbursed health care expenses if, at the time the expenses
are incurred, the party ordered to provide insurance for the children is
providing health insurance as ordered.@

On February 20, 2003, this Court signed Orders that
appear[] in the minutes of this Court and state[] in relevant part as
follows: . . . AMARY
JANE GARCIA is ordered to maintain health insurance in full force and effect on
each child subject of this suit as long as child support is payable for that
child . . . MARK TAYLOR MCDONALD JR. should be ordered to
pay additional child support for the actual cost of such health
insurance . . .  MARY JANE GARCIA is ORDERED to pay 50% and
MARK TAYLOR MCDONALD JR.  is ORDERED to pay 50% of the unreimbursed health care
expenses if, at the time the expenses are incurred, the party ordered to
provide insurance for the children is providing health insurance as ordered.@

The Court
finds that Respondent has failed to pay health insurance premiums as ordered to
MARY JANE GARCIA through Harris County Child Support Division in the amounts
and on the dates shown below . . . The Court finds and confirms that [McDonald]
is in arrears for the health care premiums and reimbursements of health care
expenses in the amount of $9,000.00 for the period July 13, 1995 through March
21, 2005.





[3]  Without signing a new contempt order, the trial
court signed an order of commitment the same day it  vacated the existing
contempt order.  The order of commitment was subsequently reversed.   In re
McDonald, 01-05-00616-CV, 2005 WL 2124155 (Tex. App.CHouston [1st Dist.] Aug. 30, 2005, no pet.) (mem. op).





[4]  McDonald recites that the Writ of Commitment signed
on May 25, 2005, refers to a child support arrearage of $17,000.00, attorneys= fees of $3,000.00, and uninsured medical costs of
$2,023.00; however, the First Court of Appeals determined that the order was
void.  McDonald,, 2005 WL 2124155, at *3.





[5]  This construction is supported by McDonald=s prayer for relief, in which he asks us to find that
the April 11, 2005 order is based on orders that do not exist, and to hold that
the judgment of arrearages is void on its face.





[6]  Garcia did not file a brief.  In our review of the
record, we note that the order signed on September 15, 1995 was the result of a
hearing held on July 13, 1995; however, because Garcia did not move for
enforcement of the September 15, 1995 order, the requirements of that order are
not before us. 





[7]  Similarly, the docket sheet contains no entry
reflecting that an order was signed on July 31, 2002. 





[8]  As noted, the docket sheet does not reflect an order
signed on that day. 





[9]  Specifically, the order states, AA parent ordered to provide health insurance who fails
to do so is liable for 100% of necessary medical expenses of the children,
without regard to whether the expenses would have been paid if health insurance
had been provided, and the cost of health insurance premiums or contributions,
if any, paid on behalf of the children.@





[10]  We note that the only orders at issue in this appeal
are the nonexistent orders of July 31, 2002 and October 28, 2002, and the
orders dated July 13, 1995, and February 20, 2003.  Accordingly, we do not
address the obligations of McDonald or Garcia under any other order, including
any obligations that might arise from the trial court=s order of September 15, 1995.  





[11]  McDonald has expressly waived any right to recover
his own fees or costs incurred on appeal.