

# NUMBER 13-17-00531-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

OPENGATE CAPITAL GROUP, LLC,
OPENGATE CAPITAL MANAGEMENT,
LLC AND OPEN PUBLISHING LLC,                                    Appellants,

v.

SITSA LOGISTICS, INC.,                                          Appellee.

### On appeal from the County Court at Law No. 8
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Rodriguez[1]
### Memorandum Opinion by Justice Rodriguez

Appellants OpenGate Capital Group, LLC, OpenGate Capital Management, LLC,

---

[1] Retired Thirteenth Court of Appeals Justice Nelda Rodriguez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

and Open Publishing, LLC (OpenGate) appeal the trial court's denial of its special appearance. By its sole issue, OpenGate contends the trial court erred in denying its special appearance because appellee Sitsa Logistics, Inc. did not plead sufficient allegations to bring OpenGate within the personal jurisdiction of the trial court. We affirm.

## I.  BACKGROUND

Sitsa is a Texas corporation doing business in Hidalgo County. OpenGate is a Delaware entity with its principal place of business in California. In May 2017, Sitsa filed suit against OpenGate, claiming breach of contract, a suit on sworn account, quantum meruit, and vicarious liability. In its petition, Sitsa alleged that Hamilton Scientific, LLC (Hamilton), a nonparty subsidiary of OpenGate, brought lab equipment across the Reynosa portion of the Mexican border into Hidalgo County and then contracted with Sitsa for Sitsa to transport that equipment from the border to the United States. According to Sitsa, Hamilton stopped paying invoices and left an unpaid balance of $95,467.04.

OpenGate filed a special appearance arguing that Sitsa failed to plead sufficient facts to bring OpenGate within the Texas long-arm statute. Following a hearing, the trial court denied the special appearance without issuing findings of fact or conclusions of law. This appeal followed.

## II.  PLEADINGS

By its sole issue, OpenGate contends Sitsa's pleadings failed to support its assertion of personal jurisdiction. The extent of their argument is as follows:

> Sitsa fails to carry its burden to plead facts which would bring the OpenGate Appellants within reach of the Texas Long-Arm Statute. Sitsa does not allege that OpenGate executed or breached a contract in Texas (indeed, Sitsa concedes that Hamilton, and not the OpenGate Appellants, contracted with Sitsa). Sitsa does not allege that the OpenGate Appellants committed any act in or directed any act to Texas . . . Because Sitsa failed to plead

2

sufficient allegations (or any allegations) to bring the OpenGate Appellants within the provisions of the Texas Long-Arm Statue, the OpenGate Appellants needed only to prove that they were not residents of Texas to negate jurisdiction . . . .

## A. Standard of Review

Whether the trial court has personal jurisdiction over a defendant is a question of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Thus, we review the trial court's ruling on a special appearance de novo. *Id.* When, as here, the trial court does not issue findings of fact and conclusions of law, we infer all "facts necessary to support the judgment if those facts are supported by the evidence . . ." and we presume that the trial court resolved all factual disputes in favor of its ruling. *Id.* at 795 (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Glattly v. CMS Viron Corp.*, 177 S.W.3d 438, 445 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The trial court determines the special appearance by referring to the pleadings, any stipulations made by and between the parties, any affidavits and attachments filed by the parties, discovery, and any oral testimony. TEX. R. CIV. P. 120a(3). We will affirm the trial court's ruling on any legal theory that finds support in the record. *Dukatt v. Dukkat,* 355 S.W.3d 231, 237 (Tex. App.—Dallas 2011, pet. denied).

## B. Texas Long-Arm Statute

Texas courts have personal jurisdiction over a nonresident defendant only if it is authorized by the Texas long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042. The long-arm statute sets out several activities that constitute "doing business" in Texas, such as a nonresident contracting with a Texas resident to perform the contract in whole or in part in Texas. *Id.* The list is not exclusive, and the statute's "broad language extends Texas courts' personal jurisdiction 'as far as the federal constitutional

3

requirements of due process will permit.'" *BMC Software Belg.*, 83 S.W.3d at 795 (quoting *U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)). Therefore, "the requirements of the Texas long-arm statute are satisfied if the exercise of personal jurisdiction comports with federal due process limitations." *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996).

The plaintiff and defendant bear "shifting burdens of proof" in a challenge to personal jurisdiction. *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). A plaintiff bears the initial burden of pleading "sufficient allegations to bring a nonresident defendant within the provisions of the [Texas] long-arm statute." *BMC Software Belg.*, 83 S.W.3d at 793. Once this burden is satisfied, the burden shifts to the defendant who then has the burden of negating all bases of jurisdiction alleged in the plaintiff's petition. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013); *Kelly*, 301 S.W.3d at 658; *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007); *BMC Software Belg.*, 83 S.W.3d at 793; *El Puerto de Liverpool, S.A. de C.V. v. Servi Mundo Llantero, S.A. de C.V.*, 82 S.W.3d 622, 628 (Tex. App.—Corpus Christi–Edinburg 2002, pet. dism'd w.o.j.).

## C.    Discussion

We first determine whether Sitsa met its initial burden to plead sufficient allegations to bring OpenGate within the provisions of the Texas long-arm statute, without reaching the merits of those allegations.[2]

---

[2] "In reviewing an order denying a special appearance, we do not concern ourselves with the merits of the plaintiffs' claims." *See Petrie v. Widby*, 194 S.W.3d 168, 175 n. 2 (Tex. App.—Dallas 2006, no pet).

In its petition, Sista alleged that Hamilton became a subsidiary of OpenGate when OpenGate purchased Hamilton in October 2012. According to Sitsa, OpenGate owned 100% of Hamilton's shares and paid Hamilton's payroll to its employees. In fact, Hamilton's CEO was also an employee of OpenGate. Sitsa claimed that Hamilton then contracted with and engaged Sitsa, in Hidalgo County, to transport laboratory furniture from Reynosa to Hidalgo. In its petition, Sitsa alleged that OpenGate breached its contract when it sporadically closed Hamilton in March 2015, and although OpenGate made payments on some of Sitsa's invoices, it left Sitsa with an unpaid balance. Sitsa alleges that OpenGate contracted with Sitsa in Texas without any intention to compensate Sitsa for its services. Sitsa attached evidence setting forth a series of transactions of services that Sitsa provided to Hamilton, the dates of the performances, and the costs of services to Hamilton. The transactions also include dates and amounts of payments that Hamilton made, which Sitsa has credited to the balance due.

Sitsa pleaded that OpenGate committed acts in Texas supporting their claims for a suit on sworn account, quantum meruit, and vicarious liability. Sitsa further asserted that OpenGate breached its contract with Sitsa in Hidalgo County when it acquired Hamilton, and Sitsa's live pleading at the special appearance hearing included jurisdictional allegations that OpenGate "engaged in contracts here in Texas." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (providing that "doing business in Texas" includes a nonresident contracting with a Texas resident to perform the contract in whole or in part in Texas). In support of these claims, Sitsa alleged that OpenGate concealed and failed to disclose information in Texas that Hamilton "was no longer a profitable or viable business at the time [it] was executing transport contracts with [Sitsa]."

5

The Texas long-arm statute's broad doing-business language allows the statute to reach as far as the federal constitutional requirements of due process will allow. *See Moki Mac*, 221 S.W.3d at 575. Under this standard, Sitsa met its burden to plead sufficient allegations to bring OpenGate within the provisions of the Texas long-arm statute by alleging acts or omissions in Texas by OpenGate, personally or through Hamilton, and torts arising from such conduct.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042; *Moncrief*, 414 S.W.3d at 151; *see also Mi Gwang Contact Lens Co. v. Chapa*, No. 13–13–00306–CV, 2015 WL 3637846, at *4 (Tex. App.—Corpus Christi–Edinburg June 11, 2015, no pet.) (mem. op.); *Carlile Bancshares, Inc. v. Armstrong*, Nos. 02–14–00014–CV, 02–14–00018–CV, 2014 WL 3891658, at *12 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op.).

Because Sitsa sufficiently pleaded allegations to bring OpenGate within the provisions of the long-arm statute, the burden then shifted to OpenGate to negate all pleaded jurisdictional bases and, thereby, establish a violation of its right to due process. *See Kelly*, 301 S.W.3d at 658. However, OpenGate does not challenge its right to due process, does not challenge specific or general jurisdiction, and did not attach any evidence to dispute Sitsa's allegations.[4] *See id.* (holding that the defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's

---

[3] We construe a plaintiff's pleadings liberally in favor the plaintiff. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.3d 440, 446 (Tex. 1993).

[4] In its special appearance, OpenGate attached its manager's declaration to establish that it is a nonresident of Texas. However, because Sitsa met its burden to plead sufficient facts to bring OpenGate within the Texas long-arm statute, OpenGate's sole argument fails. *See Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010) ("If the plaintiff fails to plead sufficient facts bringing the defendant within reach of the long-arm statute, the defendant need only prove that it does not live in Texas to negate jurisdiction.").

6

pleading); *Moki Mac*, 221 S.W.3d at 574 (holding that to challenge personal jurisdiction, the defendant must file a special appearance negating all bases of personal jurisdiction asserted by the plaintiff in its pleading); *El Puerto De Liverpool*, 82 S.W.3d at 639 ("The nonresident defendant must present a 'compelling' case that the exercise of jurisdiction would be unreasonable."). Therefore, we need not delve into a due process analysis to determine whether OpenGate had minimum contacts with Texas and whether jurisdiction complies with traditional notions of fair play and substantial justice. *Moncrief*, 414 S.W.3d at 151. Accordingly, we conclude that the trial court properly denied OpenGate's special appearance.[5] *See Dukkat,* 355 S.W.3d at 231. We overrule OpenGate's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NELDA RODRIGUEZ,
Justice

Delivered and filed the
11th day of July, 2019.

---

[5] We note that Sitsa expounded on its jurisdictional allegations against OpenGate in its response to the special appearance alleging that OpenGate had "minimum contacts" with Texas that "comport with traditional notions of fair play and substantial justice[,]" and OpenGate does not challenge these allegations on appeal. *See Alliance Royalties, LLC v. Boothe*, 329 S.W.3d 117, 120-21 (Tex. App.—Dallas 2010, no pet.) (holding that a trial court may consider additional allegations contained in a response to a special appearance).

7