In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00080-CV**
_____

**R&T ELLIS EXCAVATING, INC. AND
PRINCIPAL SERVICES, LTD., Appellants**

**V.**

**FLOYD PAGE AND GALE PAGE, Appellees**

**On Appeal from the 253rd District Court
Liberty County, Texas
Trial Cause No. CV-1813535**

**MEMORANDUM OPINION**

R&T Ellis Excavating, Inc. and Principal Services, Ltd. (collectively, the companies) seek this Court's permission to appeal interlocutory orders denying their respective pleas to the jurisdiction seeking dismissal of a lawsuit filed by Floyd and

1

Gale Page.[1] After considering the companies' joint request seeking permission to appeal, we deny their request.

The record the companies filed to support their request shows the Pages sued them seeking damages and injunctive relief. In their suit, the Pages alleged the companies trespassed on their property and were negligent based on the manner the companies disposed of water while working on a project excavating a canal on land adjacent to their property. According to the petition the Pages filed, the companies pumped, dumped, transferred, and disposed of water and other substances on property the Pages own in Liberty County, Texas.

In response to the suit, the companies filed pleas to the jurisdiction.[2] In them, the companies argued that, as private contractors working under a contract issued by a governmental entity — the Coastal Water Authority (CWA) — they enjoyed the same rights to sovereign immunity as that enjoyed by the CWA. The trial court denied the pleas. Later, the companies filed a joint request asking the trial court to grant them permission to appeal its ruling denying their respective pleas. The order granting Principal Service's request to appeal states the controlling issue of law is

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (Supp.); *see also* Tex. R. App. P. 28.3.

[2] A plea to the jurisdiction is a dilatory plea, which is commonly used by governmental entities to challenge a court's power to hear the merits of lawsuits filed in courts. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

"whether governmental immunity extends to Defendant Principal Services." The order granting R&T Ellis Excavating's request to appeal states the controlling issue of law is "whether governmental immunity extends to Ellis."

To obtain permission to appeal from an order not otherwise appealable, the party seeking permission to appeal must establish (1) the order the subject of the requested appeal involves a "controlling question of law as to which there is a substantial ground for difference of opinion[]" *and* (2) an immediate appeal from the order "may materially advance the ultimate termination of the litigation."[3] In the joint petition the companies filed in this Court, they argue the question of law they are seeking to have reviewed is whether the doctrine of governmental immunity extends "to private contractors, and — more specifically — the degree of control the government must exercise for its immunity to extend to a private contractor[.]" According to the companies, resolving questions about the degree of control required could lead to another ruling that would either terminate the Pages' suit or terminate some of their claims.

First, we address whether the companies established the trial court's order involves a controlling question of law on which there are grounds for a substantial difference of opinion. In addressing that question, we note no party argues that the

_____

[3] Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d).

CWA is not governmental entity, as the Legislature created it to provide untreated surface water to the cities of Houston, Baytown, and Deer Park.[4] The exhibits attached to the companies' joint request shows the CWA hired Principal Services as a general contractor to build a canal system designed to carry water from the Trinity River to Lake Houston.[5] To carry out its obligations to the CWA, Principal Services subcontracted with R&T Ellis Excavating, an oilfield construction company whose services include excavation work. As relevant to the suit, the record shows that R&T Ellis Excavating is the company that built the canal on the property next to the Pages' property.

In July 2018, the Pages sued the companies, alleging they intentionally or negligently trespassed on the Pages' property while constructing the canal. Besides monetary damages, the Pages sought injunctive and equitable relief. In response to the suit, the companies filed pleas to the jurisdiction, in which they argued they were immune from the Pages' claims. The trial court denied the pleas but did so without providing the parties with written findings of fact or conclusions of law that explain its rulings.

---

[4] Coastal Water Auth., https://www.coastalwaterauthority.org. (last visited March 20, 2020).

[5] The contract between the CWA and Principal Services is not among the records the parties filed in the trial court to support their pleas or their respective requests to appeal.

Without written findings, and if this were a regular appeal, we would need to decide whether the trial court's ruling is supportable under any legal theory applicable to the case based on the pleadings and evidence the trial court considered in ruling on the pleas.[6] Here, by denying the pleas, the trial court has not decided governmental immunity cannot apply; instead, the rulings denying the companies' pleas imply the trial court determined the companies were not entitled to rulings granting their respective pleas at this time. In reaching that conclusion, the trial court could have found that issues of material fact remained and need to be resolved regarding whether (1) the companies damaged the Pages' property, (2) the instructions the CWA gave the companies left them with no discretion about how to do the work the Pages claimed caused their damages, and (3) whether the companies performed the work without negligence or by trespassing on the Pages' land.

In this Court, the companies' main argument is that a substantial ground for difference of opinion exists about the degree of control a governmental entity must exercise over a private contractor before the contractor enjoys the same immunity

---

[6] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (explaining the burden shifting analysis used to resolve a governmental entity's challenge to a court's power to hear a case); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (explaining that reviewing court implies the ruling the evidence supports in a manner consistent with the ruling the trial court made when possible absent written findings and conclusions).

from suits as that enjoyed by the entity. We note this isn't the question the trial court certified. But even had the trial court certified that question, we would still deny the companies' request seeking this Court's permission to appeal on the record before us here.

Here, the degree of control the CWA had over the work at issue in the suit has not been resolved as a legal issue. For instance, the record before us as well as the one before the trial court does not include a copy of the prime contract between the CWA and Principal Services. For that reason, we cannot now determine whether the work the companies performed fell within the duties they had to the CWA or whether the contract gave them any discretion about the manner they performed their work. And even if the prime contract or the CWA gave the companies general instructions about pumping water from the canal being built, a general right of control would not necessarily have prevented the companies from exercising some discretion in carrying out their work. Without the evidence defining the rights that existed between the CWA and the companies, we agree with the implied ruling the trial court made when it denied the pleas that they both failed to meet their burden to establish they acted without negligence and had no discretion about how they did their work that the Pages alleged damaged them.

6

Next, we turn to whether a substantial question of law exists on the questions the trial court certified, which were whether governmental immunity extends to the Principal Services or to R&T Ellis Excavating.[7] But no substantial ground for disagreement exists about whether, generally speaking, the doctrine of governmental immunity may in some case (depending on the facts involved) extend to private government contractors. The Texas Supreme Court provided the guiding rules and principles that apply to that general concept, a concept we call derivative governmental immunity.[8]

In this case, resolving whether immunity applies depends on the outcome of issues that involve unresolved questions of fact. The record needs to be fully developed in a trial and the fact issues resolved before we could decide whether derivative governmental immunity applies to the suit. We decline the companies' request to issue an advisory opinion because the outcome of the legal issue the trial court identified depends on the manner the jury resolves the disputed facts.

We hold the companies' request to appeal does not involve a controlling question of law on which there is a substantial difference of opinion. We further hold

---

[7] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)(1).

[8] *Brown & Gay Eng'g Inc. v. Olivares*, 461 S.W.3d 117, 124-27 (Tex. 2015) (explaining the doctrine of sovereign immunity does not extend to private government contractors who exercise independent discretion or who are found negligent in the manner they performed their duties).

that issuing an opinion on this record would be premature because it would not lead to an order that would likely terminate the Pages' lawsuit or allow the trial court to finally resolve any of the issues without conducting a trial.

Because the companies have not shown they met the dual prongs required to grant permission to appeal from the orders denying their pleas, we deny their request for permission to appeal.[9]

PETITION DENIED.

PER CURIAM

Submitted on April 1, 2020
Opinion Delivered April 2, 2020

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[9] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)(2); Tex. R. App. P. 28.3(e)(4).