**Lin BLACK, Appellant,**

v.

**Terry BASSETT, Appellee.**

No. 8873.

Court of Civil Appeals of Texas, Texarkana.

May 12, 1981.

**194**

John M. Gillis, Dallas, for appellant.

G. Leroy Street, Geary, Stahl & Spencer, Dallas, for appellee.

HUTCHINSON, Justice.

This case involves the modification of a child support order.

Appellant, Lin Black, and appellee, Terry Bassett, were divorced on November 12, 1973. Mrs. Black was named the managing conservator of their two children (a girl 4 years of age and a boy 3 years of age) and Mr. Bassett was named as the possessory conservator. The divorce decree ordered Mr. Bassett to pay the sum of $500.00 per month as child support until the younger child reaches the age of eighteen years and

a written agreement provided that he would also pay the medical and dental expenses of the children. The evidence shows and the trial court found that since the date of the divorce Mr. Bassett has voluntarily paid the tuition for the children's attendance at a private school, such tuition for the year 1978 being in the sum of $2,860.00.

Following a hearing on August 3, 1979, the trial court on October 24, 1979, entered its order modifying the previous support order. By this order Mr. Bassett is to pay the sum of $1,200.00 per month until the oldest child becomes 18 years of age or is otherwise emancipated and thereafter $900.00 per month until the younger child becomes 18 years of age or is otherwise emancipated. It further orders Mr. Bassett to pay all medical and dental expenses of the children within thirty days after the bills therefor are mailed to him by Mrs. Black. As additional child support Mr. Bassett is ordered to pay school tuition for the children at a private school in Dallas County, Texas, or an adjoining county as "mutually agreed" upon between the parents.

■ Mrs. Black has perfected this appeal contesting the adequacy of the increase in the amount of the child support ordered to be paid. In doing so, she presents sixteen points of error. Points of error numbered 1, 2, 3, 4, 5, 6, 7, 10, 12 and 14 complain of the failure of the trial court to make additional findings of fact and conclusions of law as requested. The request for additional and amended findings of fact and conclusions of law was receipted for by the trial judge, but the failure of the court to make the additional findings and conclusions was not made the subject of bills of exception and as a result the error, if any was waived. *Jackman v. Jackman*, 533 S.W.2d 361 (Tex. Civ.App.—San Antonio 1975, no writ); *Zaruba v. Zaruba*, 498 S.W.2d 695 (Tex.Civ. App.—Corpus Christi 1973, writ dism'd); *Stolte v. Mack Financial Corporation*, 457 S.W.2d 172 (Tex.Civ.App.—Texarkana 1970, no writ); *Dillingham v. Dillingham*, 434 S.W.2d 459 (Tex.Civ.App.—Fort Worth 1968, writ dism'd); *Steppe v. O'Day*, 315

S.W.2d 599 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.). Mrs. Black calls attention to the case of *Mosolowski v. Mosolowski,* 562 S.W.2d 24 (Tex.Civ.App.—Tyler 1978, no writ), and asserts that since the receipt of the request was acknowledged by the trial judge, she fully complied with Rule 298, Tex.R.Civ.P. However, that court, citing *Zaruba v. Zaruba,* supra, and *Steppe v. O'Day,* supra, actually held that: "... Without a bill of exception or some other recital showing compliance with the rule, this court is not in a position to conclude that the request was not waived or withdrawn...."

■ The request for the additional findings and conclusions has been carefully examined and it cannot be determined how Mrs. Black has suffered any injury due to to the lack of the trial court's making the additional findings, particularly since such amended findings are required only if such points or findings relate to ultimate and controlling issues in the case. This appeal is taken with a full and complete statement of facts and no prejudice is shown to have occurred to Mrs. Black by the court's failure to make the changes and findings requested. Appellant's above numbered points of error are therefore found to be without merit.

■ By point of error number eight, Mrs. Black complains of the admission of evidence of her present husband's income because neither he nor his income is liable for the support of his stepchildren. No authority to sustain this position has been offered and we fail to see how the admission of such evidence could be considered reversible error. To the contrary its admission would appear to be of considerable aid to the trial judge. Even though Mrs. Black's present husband has no legal duty to support her children of a former marriage, he does have a duty to support her and his capacity to provide for her bears directly upon the amount of both monetary and non-monetary support she can provide for her children. The consideration of such evidence has been approved. *Grandinetti v. Grandinetti,* 600 S.W.2d 371 (Tex.Civ.App.—Hous-

ton [14th Dist.] 1980, no writ); *Lambert v. Lambert,* 545 S.W.2d 542 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

■ By point of error number nine, Mrs. Black contends that the trial court abused its discretion by ordering an inadequate increase in child support under the presented evidence. It has long been the recognized law of Texas and that the trial court has broad discretion in assessing child support payments and that this discretion will not be disturbed on appeal unless there is a clear showing of an abuse of that discretion. *Matter of Marriage of Miller,* 600 S.W.2d 386 (Tex.Civ.App.—Amarillo 1980, no writ); *Friedman v. Friedman,* 521 S.W.2d 111 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Ramey v. Ramey,* 425 S.W.2d 900 (Tex.Civ.App.—Eastland 1968, writ dism'd); *Brogdon v. Brogdon,* 392 S.W.2d 385 (Tex. Civ.App.—Fort Worth 1965, writ ref'd n. r. e.). The sum set to be paid as child support by a trial court may not be changed merely because a reviewing court might have set a different amount, either larger or smaller. *Matter of Marriage of Miller,* supra; *Friedman v. Friedman,* supra; *White v. White,* 503 S.W.2d 401 (Tex.Civ.App.—Amarillo 1973, no writ). A reviewing court cannot substitute its judgment for that of the trial court. *Hazelwood v. Jinkins,* 580 S.W.2d 33 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Based upon the record here, this Court cannot conclude that the trial court abused its discretion in setting the fixed monetary amount for child support purposes.

■ Appellant next asserts that the trial court abused its discretion in regard to its order pertaining to the payment by Mr. Bassett of the children's tuition at a private school since Mr. Bassett could render it unenforceable by merely refusing to agree with Mrs. Black as to which school the children would attend. The record indicates that Mr. Bassett has voluntarily paid the tuition costs of sending the two children to a private school and that no controversy has arisen as to which school they would attend, and there is nothing in the record that would cause one to anticipate a future

problem. In the event a problem should develop, the parties may return to the trial court. However, we do not think the cause should be returned for this reason at this time.

■ Mrs. Black also complains of the trial court's refusal to make its support order retroactive to the date of the filing of her motion for modification. Although not referred to by Mrs. Black, it appears that Tex.Family Code Ann. § 14.08(c)(2) (Supp. 1980) authorizes the retroactive modification of support obligations which have accrued since the filing of the motion to modify. *Grundy v. Grundy*, 589 S.W.2d 776 (Tex.Civ.App.—Dallas 1979, no writ); *Casterline v. Burden*, 560 S.W.2d 499 (Tex.Civ. App.—Dallas 1977, no writ). However, a trial court has no affirmative duty to do so and the effective date of the modified order is within the broad discretion of the trial court and will not be disturbed in the absence of a showing of abuse of discretion. *Tharp v. Tharp*, 438 S.W.2d 391 (Tex.Civ. App.—Houston [14th Dist.] 1969, writ dism'd). No abuse of discretion being shown, this point is overruled.

The judgment of the trial court is affirmed.