**Patsy Stamper WORFORD, Petitioner,**

v.

**Willis G. STAMPER, Jr., Respondent.**

No. D–0002.

Supreme Court of Texas.

Nov. 14, 1990.

Rehearing Overruled Jan. 30, 1991.

Robert N. Eames, Randolph W. Stout, Denton, for petitioner.

Elton M. Montgomery, Stanley H. Peavy, III, for respondent.

**PER CURIAM.**

The issue in this case is whether the trial court abused its discretion in determining the amount of child support. Because we hold that the trial court did not abuse its discretion, we reverse the judgment of the court of appeals, 798 S.W.2d 573 and affirm the judgment of the trial court.

Willis G. Stamper, Jr., and Patsy Stamper Worford were divorced in 1975. Under the original divorce decree, Stamper was ordered to pay $180 per month in child support until his son, Trey, reached the age of eighteen. Trey was five years old at the time of the divorce. Stamper was also ordered to pay one-half of any expenses incurred on behalf of Trey's medical disability and was required to maintain medical coverage for the benefit of Trey until the age of eighteen.

Worford filed a motion to modify the 1975 order in June 1986, requesting that the child support payments be increased and continued past the age of eighteen. It was undisputed by the parties that Trey would be unable to support himself after the age of eighteen due to various physical and mental handicaps. When Trey was fifteen years old, his developmental levels were between three and five years. His speech is unintelligible except to those closest to him and familiar with his responses. Trey also suffers from a dentofacial deformity which makes it difficult for him to chew his food and maintain proper hygiene.

Trey turned eighteen on January 9, 1988. The trial court entered a final modification order in July 1988, increasing Stamper's child support payments to $1350 per month and extending such payments beyond Trey's eighteenth birthday. Stamper was also ordered to maintain medical, dental, and hospitalization insurance for the benefit of his child and pay one-half of all medical, dental, orthodontic, and hospitalization expenses not covered by insurance. The court of appeals held that Patsy Stamper Worford showed a material and substantial change in circumstances, but reversed and remanded as to the amount of the order by summarily concluding:

> [T]he trial court abused its discretion in rendering the new order because there is insufficient evidence to support the amount of payment required by the new order.

798 S.W.2d at 579.

■■■ In this case, no findings of fact or conclusions of law were requested or filed. It is therefore implied that the trial court made all the findings necessary to support its judgment. *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988); *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). In determining whether some evidence supports the judgment and the implied findings of fact, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 513, 235 S.W.2d 609, 613 (1950). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d at 717.

■■■ A court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *Brito v. Brito*, 346 S.W.2d 133, 134 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.). *See, e.g., Sohocki v. Sohocki*, 730 S.W.2d 30, 31 (Tex.App.—Corpus Christi 1987, no writ); *Eggemeyer v. Eggemeyer*, 535 S.W.2d 425, 427 (Tex.Civ.App.—Austin 1976), *aff'd on other grounds*, 554 S.W.2d 137 (Tex.1977). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

■■■ According to the report of the court-appointed amicus curiae, Trey is in need of medical and therapeutical treatment including orthodontic and surgical treatment to correct dentofacial deformities, vocational evaluation and assessment, and speech therapy. Enhanced speech therapy alone may cost between $497 and $585 per month, according to the amicus' report. As stated by the court of appeals, "the trial court had a difficult question to resolve" in determining what amounts would be covered by medical insurance. 798 S.W.2d at 578. It was clear, however, that some significant expenses, including maxillofacial surgery, would not be covered by the insurance policy Trey was covered under. Trey's mother, Patsy Stamper Worford, testified that Trey's basic needs increased 100 to 200 percent in the twelve years following the original divorce decree in 1975. Some testimony was also introduced that Trey would benefit from placement in an autistic treatment center, and that the tuition at such a school is about $28,000 per year. With respect to Stamper's income, Stamper's personal financial statements reflect a net monthly income of $6,620 and $7,520 for the periods ending May 1, 1987 and September 1, 1986, respectively.

Under Rule 5 of the Texas Supreme Court Child Support Guidelines in effect in 1987, the amount of child support for one child ranges from 19–23% of the first $4,000 of the obligor's net resources ($760 to $920 per month). Beyond that, the court may order additional amounts of child support as appropriate, and may consider the income of the parties and the needs of the child in making this determination. Furthermore, pursuant to Rule 7 of the 1987 Guidelines, either party may request findings by the trial court concerning the amount of net resources available and the reasons that the amount ordered by the court varies from the amount computed by

applying the percentage in Rule 5. In this case, neither party requested, and the trial court did not file, any findings pursuant to Rule 7.

Based upon Stamper's net income and the special needs of the child in this case, we hold that the trial court did not abuse its discretion by entering an order of child support in the amount of $1350 per month. Pursuant to Texas Rule of Appellate Procedure 170, a majority of the court, without oral argument, reverses the judgment of the court of appeals and affirms the order of the trial court.