**In the Interest of Daniel R. NAYLOR, II, and Tanna R. Naylor, Children.**

No. 06–04–00046–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 17, 2005.

Decided March 29, 2005.

Rehearing Overruled April 26, 2005.

Richard C. Naylor, Amarillo, for appellant.

John B. Worley, Rhonda A. Pressley, Appeals & Research MC 038-1, Office of Atty. Gen. (Child Support Division), Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

On February 1, 2002, Richard R. Naylor moved to modify his child support decree. On January 9, 2004, the trial court signed an order reducing Naylor's monthly child support obligation and applied the modification retroactively to February 1, 2003. Naylor appeals from this order, contending the new order should have retroactively dated back to the date of the service of citation. He also contends the new order violates public policy of this State. Naylor further contends the trial court erred in refusing to implement an "agreement" concerning support arrived at between the parties. Finally, he complains of the trial court's failure to award him attorney's fees. We affirm the trial court's judgment.

Naylor's initial child support obligation was established by an Oklahoma divorce decree in 1996. In 2000, the office of the Attorney General of Texas filed a notice of registration of this order to pay child support and a motion to enforce. Naylor contested the Attorney General's motion. A hearing was held, and the trial court then signed an order—agreed to by both Naylor and Donna Gail Hamlin, the chil-

dren's mother—setting Naylor's child support at $610.00 per month. It is this order that Naylor then petitioned to modify in February 2002. He contends—and it is not disputed—that this petition was served on Hamlin February 7, 2002. Following this service of citation, Naylor made offers of settlement, which were all ultimately rejected. On January 31, 2003, the Attorney General's office informed Naylor in writing that no settlement offer would be accepted and that the matter should be set for hearing. The hearing was held September 12, 2003. On January 9, 2004, the trial court signed an "Order on Motion to Modify Support in Suit Affecting the Parent Child Relationship" that reduced the amount of monthly support and made the effective date for the modification February 1, 2003.

■ In his first point of error, Naylor contends the trial court erred in not retroactively applying the modification back to the time the petition was served. Section 156.401(b) of the Family Code empowers a court to retroactively modify support obligations. TEX. FAM.CODE ANN. § 156.401(b) (Vernon Supp.2004–2005); *In re J.G.Z.*, 963 S.W.2d 144, 149 (Tex.App.-Texarkana 1998, no pet.). However, a support order may be modified only as to obligations accruing after the earlier of the date of service of citation or an appearance in the suit to modify. TEX. FAM.CODE ANN. § 156.401(b); *J.G.Z.*, 963 S.W.2d at 149.

■ The effective date of the modified order is within the broad discretion of the trial court. *J.G.Z.*, 963 S.W.2d at 149. In determining whether the trial court erred in awarding retroactive child support, the applicable standard is abuse of discretion. *Id.* at 146. The test under the abuse of discretion standard is whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *Id.* at 146–47.

■ In this case, no findings of fact or conclusions of law were requested or filed. It is therefore implied the trial court made all the findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). In determining whether some evidence supports the judgment and the implied findings of fact, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." *Id.* The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Id.*

Naylor filed the petition to modify child support in February 2002, but a hearing on his petition was not held until September 2003. The Attorney General's office contends that the trial court's action was justified because Naylor caused this delay. However, we have not been directed to any place in the record showing the reason for the delay. Petitions such as the one at issue may be set for a hearing at the request of either party or on the trial court's own initiative. Based on this record, we are unable to attribute the delay in this case solely to Naylor.

■ Nonetheless, a trial court has broad discretion under the Family Code to set the effective date of the modified order any time after the earlier of the date of service of citation or an appearance by the respondent. In the instant case, the trial court had the broad range of from February 7, 2002, when there was service of citation, to September 12, 2003, the date of the hearing, to apply the modification retroactively. Setting the effective date of the modification back to February 1, 2003, was within the discretionary range provided by statute. Hence, the trial court did not abuse its discretion by acting arbitrarily or unreasonably, but rather, the court

acted within the range provided by the Family Code.

The trial court had discretion to either deny, grant, or permit partial relief sought. The court therefore did not err in setting the modification date later than the date the petition was served. Naylor's first point of error is overruled.

■ In the second point of error, Naylor contends the modification order violates public policy by penalizing efforts to obtain amicable and nonjudicial settlements. Naylor argues he made many efforts to resolve the matter by nonjudicial agreement, but the respondent continued to refuse to sign the agreement. This penalizes the party who made the effort to comply with state policy to enter into an out-of-court settlement.

The settlement offers claimed to have been extended by Naylor, however, are not part of the record; thus, this Court does not have authority to consider them. *Phillips Petroleum Co. v. Welch*, 702 S.W.2d 672, 675 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.) (appellate court has no authority to consider matter outside record). Naylor's second point of error is overruled.

■ In his third point of error, Naylor contends the trial court erred in refusing to implement an alleged child support modification agreement. The alleged agreement was submitted neither as evidence during the hearing nor through a bill of exception. The alleged agreement therefore is not part of the record. This Court is without authority to review matters outside the record. *Id.* Naylor's third point of error is overruled.

■ Naylor contends in his last point of error the trial court erred in not awarding him attorney's fees. A party may complain on appeal only when it sought relief from the trial court and the trial court either denied the relief or refused to rule over the party's objection. TEX.R.APP. P. 33.1(a). At the trial court level, Naylor sought a modification of the prior child support order filed November 14, 2000, and "such other and further relief to which the Petitioner may be justly entitled." Naylor did not expressly request attorney's fees at the trial court level. An appellate court cannot award additional relief not sought at the trial court level.

■ Moreover, under the Family Code, at the conclusion of a Title IV–D case, the trial court may not assess attorney's fees against the Title IV–D agency. *See* TEX. FAM.CODE ANN. § 231.211(a) (Vernon 2002). "The office of the attorney general is designated as the state's Title IV–D agency." TEX. FAM.CODE ANN. § 231.001 (Vernon 2002). Here, the Attorney General's office is providing a service to the respondent, who is a custodial parent. Therefore, Naylor is not entitled to attorney's fees from the Attorney General's office. Naylor's fourth point of error is overruled.

We affirm the trial court's judgment.