In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-151 CV


____________________



IN THE INTEREST OF A.B.W.







On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-940250-D






MEMORANDUM OPINION



 This is an appeal from the trial court's judgment in a suit to modify child support. In
three issues, Arthur Eugene "Artie" Longron, III contends: (1) the evidence is legally and
factually insufficient to support the trial court's finding that Longron's net resources are
$6,000 per month; (2) the evidence is legally and factually insufficient to support the trial
court's finding that the value of property Longron inherited was $2,152,888.07 on the date
of the hearing; and (3) the trial court erred in ordering Longron to pay child support of
$1,200 per month. Because the trial court may assign a reasonable amount of deemed
income attributable to assets that do not currently produce income, and the evidence supports
a finding that Longron has assets worth millions of dollars, we hold the trial court did not
abuse its discretion in ordering Longron to pay child support of $1,200 per month. 
Accordingly, we overrule Longron's three issues and affirm the judgment.

 We review the modification of a child support order under an abuse-of-discretion
standard. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). Legal and factual
insufficiency are relevant factors in assessing whether the trial court abused its discretion. 
Gray v. Gray, 971 S.W.2d 212, 213 (Tex. App.--Beaumont 1998, no pet.); Farish v. Farish,
921 S.W.2d 538, 541-42 (Tex. App.--Beaumont 1996, no writ). In particular, Longron
challenges the trial court's finding that his net resources are $6,000 per month. An obligor's
"resources" include all income actually being received from any source. Tex. Fam. Code
Ann. § 154.062(b)(5) (Vernon 2002). In addition, the trial court may assign a reasonable
amount of deemed income attributable to assets that do not currently produce income. Tex.
Fam. Code Ann. § 154.067(a) (Vernon 2002). The court must consider whether such
property can be liquidated without an unreasonable financial sacrifice because of market
conditions. Id. If there is no effective market for the property, the investment's carrying
costs must be offset against the income attributed to the property. Id. Longron challenges
the trial court's finding that his net resources are $6,000 per month. This finding is based
upon income deemed from an inheritance.

 For 2003, Longron reported personal earnings of $8,179. For 2004, Longron reported
gambling winnings of $24,450. Currently, Longron has a roofing business. According to
Longron, his company has been doing hurricane repairs in Mississippi and is beginning to
make a profit. That business had gross receipts of approximately $60,000 since the end of
September. Longron claimed he and his wife have been living off of approximately $35,000
in personal savings and a $10,000 life insurance benefit while he recoups start-up capital and
recovers from hurricane damage. Longron also owns a fishing boat, motor, and trailer
purchased in 2001 and valued from $35,000 to $40,000. Longron purchased two lake houses
on two acres in February 2004, paying for the property outright with $60,000 or $70,000 in
cash obtained from his gambling winnings. Longron's father died in November 2003, and
Longron is the sole heir of the estate. Litigation over the estate concluded in his favor, and
a judgment was signed in September 2005. According to Longron, "numerous" of the
properties are on the market. The inventory, appraisement, and list of claims filed in the
probate court in September 2004 placed a net value of over $2,000,000 on the estate.
Longron inherited two corporations from his father. One of the corporations operates a cattle
and exotic game ranch, and the other operates a disposal site on six hundred acres. No liens
or debts are owed on the property. Longron testified that the corporation had hardly any
business since the hurricane almost three months before trial. The week before trial, 
Longron deposited several thousand dollars in the corporation's bank account. The
corporation's bills are $5,000 to $9,000 per month. Longron testified that the inheritance
taxes had not yet been paid, but Longron understood that the tax liability could exceed
$500,000. Property taxes for the year would be approximately $80,000.

 The trial court's finding of a $2,152,888.07 value for Longron's inherited estate is
supported by legally and factually sufficient evidence. The probate inventory provides some
evidence of the value of the estate on which the trial court could reasonably rely. Longron
argues it is unreasonable to impute assets equal to the value of the estate listed in the probate
inventory, because two years elapsed and a hurricane that struck a few months before trial
caused considerable damage to the property. Longron's testimony regarding both the current
amount of cash on hand and the extent of the hurricane damage was extraordinarily vague
and completely lacking in documentary support. Although he testified that he employed an
accountant and a bookkeeper, Longron provided no evidence of the current value of any of
his property or the amount of cash held in bank accounts on the day of trial. The trial court
could reasonably have found Longron's testimony incredible. If, as Longron claimed, the
estate's assets had been tied up in litigation, the trial court could reasonably find that the
assets have not been disposed of. Longron admitted many pieces of property were already
on the market, so the trial court could reasonably conclude that the assets could be liquidated
without an unreasonable financial sacrifice.

 Longron acquired several valuable assets and inherited a sizable estate. He is selling
the real property and has established a profitable business. Considering the evidence of
substantial valuable assets available for liquidation, the trial court's finding that Longron has
net resources of $6,000 per month is supported by legally and factually sufficient evidence. 
Longron's argument that the trial court erred in setting child support at $1,200 per month is
entirely based upon his contention that the trial court assigned an inflated value to his 
inheritance. As we have upheld the trial court's findings of fact, we cannot say the trial court
acted arbitrarily or unreasonably in increasing Longron's support obligation to $1,200 per
month. We overrule Longron's issues and affirm the judgment.

 AFFIRMED.



 ______________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on September 28, 2006

Opinion Delivered October 19, 2006


Before McKeithen, C.J., Gaultney and Horton, JJ.