# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00387-CV

**Eddie Wayne Palmer, Sr., Appellant**

**v.**

**Brenda Lynn Seiter, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
## NO. 194,286-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Eddie Wayne Palmer, Sr.[1] filed a motion to modify his child support obligation based on his involuntary unemployment because of his incarceration. The court modified his child support to zero dollars per month, as Palmer requested, but made the order retroactive to February 1, 2005, rather than Palmer's requested date of December 5, 2002, the date of his divorce from Seiter. In two issues on appeal, Palmer contends that the trial court abused its discretion in its choice of the effective date of the reduction in child support and asserts that the original child support order is void because Palmer was incarcerated and unable to pay any child support at the time of the original order. We affirm the trial court's judgment.

---

[1] Palmer is an inmate who represented himself pro se at trial and continues to do so in this appeal. Seiter represented herself at trial. She has not filed an appellee's brief on appeal.

In his first issue, Palmer contends that the trial court erred in using the date of February 1, 2005, as the effective date of the modification in his child support. We conclude that the trial court acted within its permissible range of choices for the effective date.

On June 23, 2004, Palmer filed an original petition to modify his child support to zero dollars per month because of his incarceration. He claimed that his circumstances had materially and substantially changed since the date of the original order, December 5, 2002, because he had received a fifteen-year prison sentence with his earliest possible parole date being December 31, 2008. He asserted that there would be no way he could pay the amount of support that "was constantly building up on him" and that he had no real estate or other property and received no income such as disability income. The court granted the motion, with the reduction effective February 1, 2005. Palmer contends that the effective date of the modification should have been December 5, 2002.

An order for child support may be modified if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition. Tex. Fam. Code Ann. § 156.401(a)(1)(A) (West Supp. 2006). Under section 156.401(b) of the family code, "[a] support order may be modified only as to obligations accruing after the earlier of: (1) the date of service of citation; or (2) an appearance in the suit to modify." *Id.* § 156.401(b)(1), (2). Seiter was served in the suit to modify on June 24, 2004, and answered on July 7, 2004. The hearing was held on March 23, 2005.[2] Accordingly, the court could not have modified the support order back to the date of the divorce because those obligations had accrued before the

---

[2] Seiter appeared at the hearing in person. Palmer appeared by conference call.

date of service of citation of the motion to modify, the earlier date. *See id*. § 156.401(b)(1) (obligations accruing after date of service of citation).

Palmer also contends that the trial court was limited to using the dates of service of citation or "an appearance" as the effective date of the modification, which did not include February 1, 2005.[3] He contends the trial court abused its discretion by using that date.

The effective date of the modified order is within the broad discretion of the trial court. *In re Naylor*, 160 S.W.3d 292, 294 (Tex. App.—Texarkana 2005, pet. denied); *In re J.G.Z.*, 963 S.W.2d 144, 149 (Tex. App.—Texarkana 1998, no pet.). In determining whether the trial court erred, the applicable standard is abuse of discretion. *Naylor*, 160 S.W.3d at 294; *J.G.Z.*, 963 S.W.2d at 149. The test under the abuse of discretion standard is whether the trial court acted arbitrarily or unreasonably, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The order does not state a particular reason for using the date of February 1, 2005, nor does the record of the hearing shed light on the choice of date. Nevertheless, the trial court had broad discretion to set the effective date of the modified order any time after the earlier of the date of service of citation or appearance. *Naylor*, 160 S.W.3d at 294 (court had range of February 2, 2002, to September 12, 2003, and chose February 1, 2003, as effective date). The court chose a date

---

[3] Although seeming to contradict his own request for a December 5, 2002 date, we interpret Palmer's argument as an alternative request for the earliest possible start date for his modification. His prayer for relief asks for either the December date or the June 24, 2004, service date to be used as the effective date. We view pro se pleadings with "liberality and patience" to seek the substance of the complaint. *Aguilar v. Stone*, 68 S.W.3d 1, 1-2 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

within the permissible range of choices. Accordingly, it did not abuse its discretion. We overrule Palmer's first issue.

In his second issue, Palmer contends that the original decree of divorce, at least with regard to child support, is void because he was incarcerated at the time of the decree and had no means of paying support.[4] The original divorce decree awarded child support of $165 a month for two children. Palmer is attacking that original judgment for an error of substantive law, that is, a mistaken computation of the amount of support he could pay. Such an error does not deprive the trial court of jurisdiction over the subject matter and would not render that judgment void. *See Goodson v. Castellanos*, 214 S.W.3d 741, 748 (Tex. App.—Austin 2007, pet. filed) (assuming adoption decree erroneously issued, erroneous holding of substantive law does not render judgment void) (citing *Stinson v. Stinson*, 668 S.W.2d 840, 841 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.) (party could not collaterally attack divorce decree even if court erroneously rendered judgment because error of substantive law does not render judgment void)). A review of the brief and record does not show any ground, such as lack of jurisdiction, that would render the judgment void.

Palmer also urges that the original order to pay child support is "unfair and unjust" and should be held void on general equitable principles. Palmer notes that equity is based upon the avoidance of irreparable injury, citing *Gulf Oil Corp. v. Walton*, 317 S.W.2d 260, 263

---

[4] It appears contradictory to ask for a modification based on the changed circumstances of being incarcerated and unable to work and also argue that the original decree was void for the same reason. However, the changed circumstance seems to be that at the time of the original decree, Palmer did not know the length of his sentence, and thus the earliest possible time at which he might be able to secure employment. Once again, we try to ascertain the gist of Palmer's complaint. *See Aguilar*, 68 S.W.3d at 1-2.

(Tex. Civ. App.—El Paso 1958, no writ), and that equity seeks to do justice, to strike a balance between litigants and to look at the whole situation, citing 30A C.J.S. *Equity* § 94 (1992). However, an application of Palmer's suggested balance between litigants and review of the entire situation would dictate a consideration of the two children's interest in support and consideration that Palmer may have the ability to pay support after his release.[5] Thus, the modification of his child support during his incarceration, while allowing for the possibility of a subsequent modification should he be able to pay some money, does balance his interests and the children's. We see no equitable basis to void the judgment or alter the effective date. We overrule Palmer's second issue.

We have overruled both of Palmer's issues and affirm the trial court judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: June 12, 2007

_____

[5] Palmer's situation is addressed in the same section on modification of child support that he invoked: "Release of a child support obligor from incarceration is a material and substantial change in circumstance for purposes of this section if the obligor's child support obligation was abated, reduced, or suspended during the period of the obligor's incarceration." Tex. Fam. Code Ann. § 156.401(d) (West Supp. 2006).