

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-257-CV

IN THE INTEREST OF C.K.H.
AND K.D.H., CHILDREN

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

Appellant Tony H. appeals the trial court's order modifying his child support payments. In two issues, Tony complains that the trial court abused its discretion by not retroactively applying the modification to his current child support obligation and by not lowering his future child support obligation. We will affirm.

---

[1] See Tex. R. App. P. 47.4.

## II.  BACKGROUND

Tony, incarcerated since December 2004, filed a motion to modify child support set at $300 per month in May 2001.  In his pro se petition, filed September 22, 2008, Tony requested that his child support be reduced to $0—retroactively applied to the date of his incarceration.  The trial court heard the motion on June 9, 2009.  At the hearing, Tony submitted an Affidavit in Lieu of Personal Appearance in which he requested that his future child support payments be modified to $200 per month, upon his release from prison, because of an additional household that includes two additional children born in 2005 and 2006.

The trial court entered an order on June 10, 2009, reducing Tony's current child support to $0 effective July 1, 2009, and immediately reinstating his monthly $300 support obligation and arrearage payments upon notifying the court in writing of his release from the state penitentiary.  After the court denied his motion to modify judgment on July 7, 2009, Tony timely filed his notice of appeal.

## III.  ANALYSIS

### A.  Standard of Review

A trial court is given broad discretion in decreasing or increasing child support payments, and the court's order will not be disturbed on appeal except on a showing of a clear abuse of discretion.  *In re Z.B.P.*, 109 S.W.3d 772,

2

781 (Tex. App.—Fort Worth 2003, no pet.); *Reynolds v. Reynolds*, 452 S.W.2d 950, 953 (Tex. Civ. App.—Dallas 1970, no writ). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; that is, whether the act was arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

Because no findings of fact or conclusions of law were requested or filed in this case, we infer that the trial court made all the findings necessary to support its judgment. *Worford*, 801 S.W.2d at 109. "In determining whether some evidence supports the judgment and the implied findings of fact, 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.'" *Id.* "The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *Id.*

B. Trial Court Has Discretion Not To Retroactively Apply Child Support Modification

In his first issue, Tony now contends that the trial court abused its discretion by not retroactively applying the modified child support to the date

of citation, October 7, 2008. A trial court is empowered to modify a child support obligation and may retroactively modify support only as to obligations accruing after the earlier of the date of service of citation or an appearance by the respondent. Tex. Fam. Code Ann. § 156.401(b) (Vernon 2008); *In re Naylor*, 160 S.W.3d 292, 294 (Tex. App.—Texarkana 2005, no pet.); *Holley v. Holley*, 864 S.W.2d 703, 707 (Tex. App.—Houston [1st Dist.] 1993, writ denied). However, a trial court has no affirmative duty to modify retroactively, and setting the effective date of the order is within the court's broad discretion. *Naylor*, 160 S.W.3d at 294; *Black v. Bassett*, 619 S.W.2d 193, 196 (Tex. Civ. App.—Texarkana 1981, no writ).

Here, Tony filed the motion to modify child support in September 2008, and a hearing on his motion was held in June 2009. Setting the effective date of the modification to July 1, 2009, was within the discretionary time frame provided by statute because it was not earlier than either the date of service of citation or an appearance[2] by Tony. *See* Tex. Fam. Code Ann. § 156.401; *Naylor*, 160 S.W.3d at 294. Because the trial court acted within the range provided by the family code and did not act arbitrarily or unreasonably, the trial

---

[2] ... With the trial court's permission, Tony appeared and testified at the hearing by Affidavit in Lieu of Personal Appearance. In his Original Motion to Modify Child Support, Tony asked the trial court "to conduct a hearing on this motion, receive testimony from Petitioner and Respondent, either in person, via teleconference, or by affidavit in lieu of personal appearance. Whichever pleases the court."

court did not abuse its discretion in setting the modification date later than the date of citation.

Tony also contends the trial court's delay in conducting his hearing entitled him to a retroactive child support modification.[3]  *See* Tex. R. Jud. Admin. 7, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (Vernon 2005).  However, even if there was a delay, Tony cites no authority, and we find none, in support of his entitlement contention.  We overrule Tony's first issue.

### C.  Child Support Guidelines Not Mandatory On Trial Court Modifying Support Obligation

In his second issue, Tony contends that the trial court abused its discretion in not modifying his future child support obligation based on the Texas Family Code's minimum wage salary guidelines and in consideration of his other children and household.  *See* Tex. Fam. Code Ann. §§ 154.068, .128 (Vernon 2008).  Tony argues that the trial court should have set his future child support obligation by applying the minimum wage presumption in section 154.068 of the Texas Family Code.  This section states, "In the absence of evidence of the wage and salary income of a party, the court shall presume that

---

[3] ... The record reveals Tony submitted an initial request for a hearing on November 18, 2008.

5

the party has wages or salary equal to the federal minimum wage for a 40-hour week."  Tex. Fam. Code Ann. § 154.068.

Here, there is evidence of Tony's wage and salary income at the time of the original child support order.  Tony's Affidavit In Lieu of Personal Appearance includes a statement that prior to his incarceration, he was employed at $10.50 per hour and averaged a forty-hour work week.  Thus, based on his testimony about his previous earning ability and income—and in the absence of any evidence that he is unemployable upon his release from incarceration—there is at least some evidence to support the trial court's determination of Tony's future child support obligation.  *See Worford*, 801 S.W.2d at 109 (holding that a court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion); *see also In re Martin*, 881 S.W.2d 531, 536 (Tex. App.—Texarkana 1994, writ denied) (holding that based on appellant's testimony about his previous income, and in the absence of any evidence that he is unemployable, there is at least some evidence to support the trial court's setting of child support above the federal minimum wage guidelines).

Tony also contends that the trial court should have applied the Texas Family Code guidelines for multiple families and set his post-incarceration child support at $200 per month.  *See* Tex. Fam. Code Ann. § 156.406 (Vernon Supp. 2009); *Escue v. Escue*, 810 S.W.2d 845, 848 (Tex. App.—Texarkana

6

1991, no writ) (holding that once an obligor produces evidence that he is paying child support under another child support order, the trial court shall consider that obligation in making its final determination).

During an obligor's incarceration, the trial court has the authority to abate, reduce, or suspend a child support obligation. *See* Tex. Fam. Code § 156.401(d). In determining whether to modify existing child support orders, the trial court's use of child support percentage guidelines is discretionary, not mandatory. *In re R.D.*, No. 02-04-00165-CV, 2005 WL 503055, at *2 (Tex. App.—Fort Worth Mar. 3, 2005, no pet.) (mem. op.) (citing *Escue*, 810 S.W.2d at 848).

Tony's argument fails because his claim relies in large part upon the mistaken assumption that the court, in a modification proceeding, may only order child support obligations in strict conformity with the child support guidelines. The trial court's adherence to the guidelines during a modification proceeding is only discretionary. *Escue*, 810 S.W.2d at 848. On review, we allow the trial court broad discretion in setting child support payments and in modifying those payments. *Z.B.P.*, 109 S.W.3d at 781; *In re R.D.*, 2005 WL 503055 at *2.

Furthermore, a trial court's determination as to whether a material change of circumstances has occurred is not guided by rigid rules and is fact specific. *Z.B.P.*, 109 S.W.3d at 779. Here, the trial court's order served to abate or

7

suspend, rather than permanently modify, Tony's child support obligation for the remainder of his incarceration.  The trial court reduced Tony's obligation to $0 beginning July 1, 2009, until his release from prison.  Upon his release, the previous child support obligation is to resume immediately, including any arrearage payments.  In the absence of evidence showing a clear abuse of discretion, the trial court's decision must be upheld.  *See Worford*, 801 S.W.2d at 109.  We overrule Tony's second issue.

## IV.  CONCLUSION

Having overruled both of Tony's issues, we affirm the trial court's order.


ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DELIVERED: August 31, 2010