COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.  2-09-257-CV

 

 

IN THE INTEREST OF C.K.H. 

AND K.D.H.,
CHILDREN                                                                        

                                                                                                        

 

                                              ------------

 

             FROM
THE 235TH DISTRICT COURT OF COOKE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
INTRODUCTION

Appellant
Tony H. appeals the trial court=s order
modifying his child support payments.  In
two issues, Tony complains that the trial court abused its discretion by not
retroactively applying the modification to his current child support obligation
and by not lowering his future child support obligation.  We will affirm.  








II. 
BACKGROUND

Tony,
incarcerated since December 2004, filed a motion to modify child support set at
$300 per month in May 2001.  In his pro
se petition, filed September 22, 2008, Tony requested that his child support be
reduced to $0Cretroactively applied to the
date of his incarceration.  The trial
court heard the motion on June 9, 2009. 
At the hearing, Tony submitted an Affidavit in Lieu of Personal
Appearance in which he requested that his future child support payments be
modified to $200 per month, upon his release from prison, because of an
additional household that includes two additional children born in 2005 and
2006.  

The
trial court entered an order on June 10, 2009, reducing Tony=s
current child support to $0 effective July 1, 2009, and immediately reinstating
his monthly $300 support obligation and arrearage payments upon notifying the
court in writing of his release from the state penitentiary.  After the court denied his motion to modify
judgment on July 7, 2009, Tony timely filed his notice of appeal. 

III. 
ANALYSIS

A.  Standard of Review








A trial
court is given broad discretion in decreasing or increasing child support
payments, and the court=s order will not be disturbed on
appeal except on a showing of a clear abuse of discretion.  In re Z.B.P., 109 S.W.3d 772, 781
(Tex. App.CFort Worth 2003, no pet.);
Reynolds v. Reynolds, 452 S.W.2d 950, 953 (Tex. Civ. App.CDallas
1970,  no writ).  The test for an abuse of discretion is
whether the trial court acted without reference to any guiding rules or
principles; that is, whether the act was arbitrary or unreasonable.  Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990).  Merely because a trial
court may decide a matter within its discretion in a different manner than an
appellate court would in a similar circumstance does not demonstrate that an abuse
of discretion has occurred.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986). 

Because
no findings of fact or conclusions of law were requested or filed in this case,
we infer that the trial court made all the findings necessary to support its
judgment.  Worford, 801 S.W.2d at
109.  AIn
determining whether some evidence supports the judgment and the implied
findings of fact, >it is proper to consider only
that evidence most favorable to the issue and to disregard entirely that which
is opposed to it or contradictory in its nature.=@  Id. 
AThe
judgment must be affirmed if it can be upheld on any legal theory that finds
support in the evidence.@ 
Id.

B.  Trial
Court Has Discretion Not To Retroactively Apply Child Support Modification

 








In his
first issue, Tony now contends that the trial court abused its discretion by
not retroactively applying the modified child support to the date of citation,
October 7, 2008.  A trial court is
empowered to modify a child support obligation and may retroactively modify
support only as to obligations accruing after the earlier of the date of
service of citation or an appearance by the respondent.  Tex. Fam. Code Ann. '
156.401(b) (Vernon 2008); In re Naylor, 160 S.W.3d 292, 294 (Tex. App.CTexarkana
2005, no pet.); Holley v. Holley, 864 S.W.2d 703, 707 (Tex. App.CHouston
[1st Dist.] 1993, writ denied).  However,
a trial court has no affirmative duty to modify retroactively, and setting the
effective date of the order is within the court=s broad
discretion.  Naylor, 160 S.W.3d at
294; Black v. Bassett, 619 S.W.2d 193, 196 (Tex. Civ. App.CTexarkana
1981, no writ).  








Here,
Tony filed the motion to modify child support in September 2008, and a hearing
on his motion was held in June 2009. 
Setting the effective date of the modification to July 1, 2009, was
within the discretionary time frame provided by statute because it was not
earlier than either the date of service of citation or an appearance[2]
by Tony.  See Tex. Fam. Code Ann. '
156.401; Naylor, 160 S.W.3d at 294. 
Because the trial court acted within the range provided by the family
code and did not act arbitrarily or unreasonably, the trial court did not abuse
its discretion in setting the modification date later than the date of
citation.  

Tony
also contends the trial court=s delay
in conducting his hearing entitled him to a retroactive child support
modification.[3]
 See Tex. R. Jud. Admin. 7, reprinted
in Tex. Gov=t Code Ann., tit. 2, subtit. F
app. (Vernon 2005).  However, even if
there was a delay, Tony cites no authority, and we find none, in support of his
entitlement contention.  We overrule Tony=s first
issue.    

C.  Child
Support Guidelines Not Mandatory On Trial Court Modifying Support Obligation

 








In his
second issue, Tony contends that the trial court abused its discretion in not
modifying his future child support obligation based on the Texas Family Code=s
minimum wage salary guidelines and in consideration of his other children and
household.  See Tex. Fam. Code
Ann. '' 154.068,
.128 (Vernon 2008).  Tony argues that the
trial court should have set his future child support obligation by applying the
minimum wage presumption in section 154.068 of the Texas Family Code.  This section states, AIn the
absence of evidence of the wage and salary income of a party, the court shall
presume that the party has wages or salary equal to the federal minimum wage
for a 40-hour week.@ 
Tex. Fam. Code Ann. ' 154.068.


Here,
there is evidence of Tony=s wage and salary income at the
time of the original child support order. 
Tony=s Affidavit In Lieu of Personal
Appearance includes a statement that prior to his incarceration, he was
employed at $10.50 per hour and averaged a forty-hour work week.  Thus, based on his testimony about his previous
earning ability and incomeCand in
the absence of any evidence that he is unemployable upon his release from
incarcerationCthere is at least some evidence
to support the trial court=s
determination of Tony=s future child support
obligation.  See Worford, 801
S.W.2d at 109 (holding that a court=s order
of child support will not be disturbed on appeal unless the complaining party
can show a clear abuse of discretion); see also In re Martin, 881 S.W.2d
531, 536 (Tex. App.CTexarkana 1994, writ denied)
(holding that based on appellant=s
testimony about his previous income, and in the absence of any evidence that he
is unemployable, there is at least some evidence to support the trial court=s setting
of child support above the federal minimum wage guidelines).     








Tony
also contends that the trial court should have applied the Texas Family Code
guidelines for multiple families and set his post-incarceration child support
at $200 per month.  See Tex. Fam.
Code Ann. ' 156.406 (Vernon Supp.
2009); Escue v. Escue, 810 S.W.2d 845, 848 (Tex. App.CTexarkana
1991, no writ) (holding that once an obligor produces evidence that he is
paying child support under another child support order, the trial court shall
consider that obligation in making its final determination). 

During
an obligor=s incarceration, the trial court
has the authority to abate, reduce, or suspend a child support obligation.  See Tex. Fam. Code ' 156.401(d).  In determining whether to modify existing
child support orders, the trial court=s use of
child support percentage guidelines is discretionary, not mandatory.  In re R.D., No. 02-04-00165-CV, 2005
WL 503055, at *2 (Tex. App.CFort
Worth Mar. 3, 2005, no pet.) (mem. op.) (citing Escue, 810 S.W.2d at
848). 

Tony=s
argument fails because his claim relies in large part upon the mistaken
assumption that the court, in a modification proceeding, may only order child
support obligations in strict conformity with the child support
guidelines.  The trial court=s
adherence to the guidelines during a modification proceeding is only
discretionary.  Escue, 810 S.W.2d
at 848.  On review, we allow the trial
court broad discretion in setting child support payments and in modifying those
payments.  Z.B.P., 109 S.W.3d at
781; In re R.D., 2005 WL 503055 at *2. 








Furthermore,
a trial court=s determination as to whether a
material change of circumstances has occurred is not guided by rigid rules and
is fact specific. Z.B.P., 109 S.W.3d at 779.  Here, the trial court=s order
served to abate or suspend, rather than permanently modify, Tony=s child
support obligation for the remainder of his incarceration.  The trial court reduced Tony=s
obligation to $0 beginning July 1, 2009, until his release from prison.  Upon his release, the previous child support
obligation is to resume immediately, including any arrearage payments.  In the absence of evidence showing a clear
abuse of discretion, the trial court=s
decision must be upheld.  See Worford,
801 S.W.2d at 109.  We overrule Tony=s second
issue.

IV. 
CONCLUSION

Having
overruled both of Tony=s issues, we affirm the trial
court=s order.

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
GARDNER and MEIER, JJ.

 

DELIVERED: August 31, 2010











[1]See Tex. R. App. P. 47.4.





[2]With the trial court=s permission, Tony
appeared and testified at the hearing by Affidavit in Lieu of Personal
Appearance.  In his Original Motion to
Modify Child Support, Tony asked the trial court Ato conduct a hearing on
this motion, receive testimony from Petitioner and Respondent, either in
person, via teleconference, or by affidavit in lieu of personal
appearance.  Whichever pleases the court.@ 





[3]The record reveals Tony
submitted an initial request for a hearing on November 18, 2008.