BAILEY C. MOSELEY, Justice,
dissenting.
The bench trial of this case appears to have been no easy task for the trial court. The fact that a number of joint owners of the property sought to be partitioned appeared pro se and participated in the trial (most of whom seemed to have had very little familiarity with procedures followed in court or with the Texas Rules of Evidence) give the feeling that the trial court did a yeoman’s job in trying to prevent the trial from resembling the activities often observed in a three-ring circus.
At the conclusion of the trial, a judgment was entered that purported to determine the interests of the parties,[20] in which the trial court determined that “[ajfter consideration of the interests owned by the multiple parties and the limited quantity of acreages owned by multiple Defendants being partitioned, the Court finds that the property is not susceptible to a fair and equitable partition in kind.” The judgment purported to appoint a receiver[21] to sell the property.
This dissent centers solely on the issue of whether there was sufficient evidence to support a finding that the real property the subject of the suit for partition was not capable of partition in kind and, therefore, was required to be partitioned by sale.
It has long been the law in Texas that partition in kind is favored over partition by sale. Henderson v. Chesley, 273 S.W. 299, 303 (Tex.Civ.App.1925). “The law does not favor compelling an owner to sell his property against his will, but prefers a division in kind when such can be fairly and equitably made.” Rayson v. Johns, *130 524 S.W.2d 380, 382 (Tex.Civ.App.-Texarkana 1975, writ ref'd n.r.e.). This preference was incorporated in Rule 770 of the Texas Rules of Civil Procedure, which provides, “[sjhould the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, cannot be made, it shall order a sale of so much as is incapable of partition.... ” Tex.R. Civ. P. 770. However, even though the preference of partition in kind existed for many years, before this Court handed down a ruling in 2000, there were no reported cases in Texas which set out the standards by which the trial courts were to measure the “partionability” of a tract of land. That yardstick or measure was first set out by this Court in Cecola v. Ruley, 12 S.W.3d 848, 853 (Tex.App.-Texarkana 2000, no pet.). In Cecola, the inquiry on review focused on whether “property can be divided in kind without materially impairing its value.” Id. at 855. In other words, the party seeking partition by sale must show that the value of the property would be materially impaired if there were a partition in kind.
Robinson, acting as his sole witness, was asked, “[D]o you believe there’s any fair, reasonable way to carve out this property in as little interest to give everybody an equal share of the waterfront, the well area, and the bottoms?” Robinson testified that he did not believe that to be possible. He also pointed out that there were distinct differences in the property, some of which was inundated by a lake, some of which was in a creek area, and some of which had well sites for oil and gas drilling. In addition, he pointed out that there was “a single dirt road to the property.” The most persuasive of the arguments that Robinson makes on appeal involve the fact that there are multiple, undivided interests, including some interests of small size and complains of “the costs of attempting to carve out these small interest tracts.” Robinson argues we must defer to the trial court’s findings of historical fact.
The primary problem with Robinson’s arguments is that the very limited evidence he presented at trial simply does not, for the most part, support his argument. Making certain that each distributive share after a partition shares a portion of each liability or each asset a property possesses (e.g., each getting a part of the roadway, lakefront, or inundated portion of the property) is not the aim of the partition; rather, the goal is to make certain that each joint owner of the property is set aside a piece of the property which has a value which reflects his proportionate share of the value of the property. That is why the Rules governing the role of the commissioners of partition require the commissioners to set out their opinion of the value of each tract. Tex.R. Civ. P. 769(c).
To the question, ‘You anticipate that would be a pretty expensive cost to start carving that property up?” Robinson testified in the affirmative. However, there was no evidence of the anticipated cost of dividing the tract up and the term “pretty expensive” 'is extraordinarily nebulous. One can observe that paying a receiver fee and the other attendant costs of a sale of the property could likewise be “pretty expensive” in the eyes of Robinson. That lack of certainty leaves the trier of fact with no real evidence to weigh the desirability of partition in kind against partition by sale.
Robinson also mentions the presence of timber on the tract, something that could have a tremendous impact on the value of the property (or portions of it); even so, he presents us with nothing concerning the value of the timber or its concentrations on one part of the tract versus another. *131 These are things (along with the topography of the property, its access to public roads, and other influences on the value of real estate) that commissioners of partition would be required to weigh in determining a fair and equitable partition in kind. Although the majority assumes that very small portions of the property would be valueless, there was absolutely no evidence upon which we can base that assumption.[22]
The majority opinion does scholarly work in defining the standards for determining whether there is sufficient evidence upon which to base a judgment, but then (for all practical purposes) ignores the very standards that are described.
The important thing that the Cecola case taught us was to focus on the impact of a partition in kind on the value of the property as a whole as a means of determining whether a partition by sale was necessary. Here, the evidence zeroed in on the potential size of the tracts, the difference in topography and improvements, and the availability of access in its current form. No evidence was introduced as to the value of the property in any state: as an intact parcel or divided into shares. Other than to describe partition in kind as being “expensive” in the eyes of the proponent of partition by sale, there is nothing shown as to the costs that would be incurred in a partition in kind. The majority opinion assumes that a partition in kind of the property would be based upon acreages and not proportions of value, something that is prohibited to be done in a partition in kind. See Tex.R. Civ. P. 768.
The evidence presented by Robinson is so weak that the trial court’s conclusion that he met his burden of proof is clearly wrong. While Champion did not present contrary evidence to dispute Robinson’s testimony, it was never Champion’s burden to show that it could be effectively partitioned in kind. Rather, Robinson had the burden of proving that it could not. The Texas Supreme Court has instructed, “Undisputed evidence and conclusive evidence are not the same — undisputed evidence may or may not be conclusive, and conclusive evidence may or may not be undisputed.” City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex.2005). The fact that a 187.09-acre property contains lake frontage, oil and gas activities, mining activities, and swamp land does not absolutely preclude partition in kind. Partition in kind does not require equal size lots. With no more evidence concerning the values of the land that was presented at trial, the land could be as valuable as if it were in downtown Manhattan or as worthless as if it were in the middle of the Sahara Desert. The size of the lots set aside to the various owners could depend on the value of the land. Further, lots less than an acre in size are not microscopic, and there is no evidence that lots of that size would lack economic value in this area of Camp County. There is simply no evidence that a partition in kind would materially decrease the overall value of the property.
Champion’s right to retain his land can only be overcome by sufficient evidence that the property is incapable of being partitioned in kind. Robinson had the burden to prove, by a preponderance of the evidence, that partition in kind would *132 not be fair and equitable. Although Robinson presented some evidence, the evidence was so very weak that the trial court’s conclusion is clearly wrong.
The evidence is legally insufficient to support the trial court’s implied finding[23] that a partition in kind cannot be made in a fair and equitable manner. We should reverse the judgment of the trial court finding that the property is not capable of partition in kind.
I respectfully dissent.

. One cannot help but notice that although some of the conveyances introduced by Robinson purported to reserve portions of the mineral estate of the tract, the judgment entered makes no mention of the reservation of the mineral estate and the owners of those reserved mineral interests do not appear to be parties to the lawsuit. Although the appellant does not raise the issue of the failure to join some of the possessory interest holders, “An attempted partition of the whole of a tract of land, where all the owners are not joined as parties, is not binding even on those who are parties.” Mustang Drilling v. Cobb, 815 S.W.2d 774, 777 (Tex.App.-Texarkana 1991, writ denied).

. No bond was set for the receiver as required by Rule 695a of the Texas Rules of Civil Procedure. Tex.R. Civ. P. 695a. No complaint was raised by Champion regarding this failure.

. There is evidence that one of the owners had secured a $420,000.00 note with her interest in the land and also evidence that the property was sold for over $200,000.00. Although there is evidence that Ferndale Lake (an apparently sizeable body of water) inundates at least a part of the property, there is neither evidence as to precisely how much is inundated, nor the enhancement in value, if any, which the presence of the lake would cause.

. Since Champion did not request findings of fact, we imply any findings necessary to support the trial court’s judgment. See In re Naylor, 160 S.W.3d 292, 294 (Tex.App.-Texarkana 2005, pet. denied).