**Opinion issued April 25, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00918-CV

————————————

## SYLVIA RIVAS, Appellant

## V.

## GERALD R. JACO, Appellee

On Appeal from County Court at Law No. 2
Galveston County, Texas
Trial Court Case No. 09FD0419

## MEMORANDUM OPINION

This is an appeal of the trial court's order in a suit affecting the parent-child relationship. Appellant Sylvia Rivas brings four issues, and we affirm.

## Background

The trial court determined that appellee Gerald A. Jaco is the father of Rivas's child and appointed Rivas as sole managing conservator and Jaco as possessory conservator. The court found that the standard possession order applied and ordered Jaco to pay monthly child support of $577.25.

The court made findings of fact and conclusions of law, including that Jaco's 2008 annual net income was $12,000, his 2009 gross annual income was $47,529, and that no evidence was presented of his 2010 income. The court also found the following: "Although Rivas testified she believes Jaco's income is over $100,000 per year, her belief is based solely upon bolstering comments Jaco allegedly made to her during the two months the parties dated." The court determined that Jaco's annual gross income is $47,529 and his current gross monthly income is $3,906.75.

## Discussion

In her first issue, Rivas contends the trial court erred "in ordering a standard possession outside the agreement of the parties as the issue of possession was tried to the court." Rivas later states that "it is clear that the issue of possession and access was not tried to the court." Based on the two-page argument in her brief, it appears that Rivas is complaining that the court granted a standard possession order without evidence to support that order.

2

Family Code section 153.252 provides, "In a suit, there is a rebuttable presumption that the standard possession order in Subchapter F: (1) provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator; and (2) is in the best interest of the child." TEX. FAM. CODE ANN. § 153.252 (West 2008). Rivas has the burden to rebut the presumption of the standard possession order, and makes no argument on appeal to demonstrate that she sustained that burden at trial.

We overrule issue one.

Rivas's second issue challenges finding of fact 34, in which the trial court found Jaco's annual gross income to be $47,529 and his current gross monthly income to be $3,906.75. Four pages of Rivas's brief point to evidence in the record of distributions made to Jaco from a family trust, a line of credit from the trust, stock-market expenses, and other expenses. Nowhere does Rivas make a legal argument that this is evidence of Jaco's income or other net resources subject to a child-support order. Further, the trial court specifically found that "[n]either Rivas nor the Attorney General presented any evidence of Jaco's income for 2010." Rivas concludes her argument by stating that "a parent's child support obligation is not limited to that parent's ability to pay form [sic] current earnings; rather it extends to his or her financial ability to pay from any and all available sources," citing *McLane v. McLane*, 263 S.W.3d 358, 362 (Tex. App.—Houston

[1st Dist.] 2008, pet. denied).  But nothing in *McLain* suggests that the phrase "all available sources" judicially extends the legislative definition of "net resources" on which child-support liability is calculated.  *See* TEX. FAM. CODE ANN. § 154.062 (West Supp. 2012).

Rivas does not explain why the evidence she cites constitutes "net resources" under Family Code section 154.062, does not specifically challenge finding 47 through 65 regarding the family trust, nor demonstrate how the trial court committed reversible error in calculating Jaco's net resources for the purpose of determining child-support liability.  *See id.*  A court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion.  *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *McLane*, 263 S.W.3d at 362.  As Rivas has made no such showing, we overrule issue two.

In her third issue, Rivas challenges finding of fact 14, in which the trial court found the total cost of prenatal and postnatal care was $6,894.26.[1]  The trial court ordered Jaco to pay an equitable portion of these expenses in the amount of $3,450.00.  Rivas argues that the evidence supported a total cost of $12,358.55, of which she requested fifty percent.

The trial court's findings 13 and 14 show that the court considered the invoices and receipts admitted into evidence and determined that they totaled

---

[1]     In her brief Rivas erroneously identifies the amount as $7,955.33.

4

$7,955.33, with a discount of $1,698.13, for a net total of $6,894.26 that Rivas was required to pay. In her one-paragraph appellate argument, Rivas relies on her trial testimony that the receipts and invoices total $12,358.77, as well as the single-page summary of the receipts and invoices that accompanied them. Rivas does not substantively challenge the trial court's calculation of the actual receipts and any permissible offsets.

Here the receipts and invoices themselves comprise the evidence, rather than Rivas's opinion statement of the total prenatal and postnatal care costs. Rivas does not specify on appeal whether she contends that the trial court improperly considered amounts that she attributed as her expenses or whether the court miscalculated.

Because there is not conclusive evidence of the total cost of prenatal and postnatal care, the trial court served as fact-finder in reviewing the receipts and invoices and determining the proper total amount. Without the ability to conduct a thorough analysis of all the evidence in order to challenge the sufficiency of the trial court's finding, we hold that Rivas has not presented this Court with adequate briefing. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument for contentions made with appropriate citations to authority and record); *see, e.g.*, *Harris Cnty. Mun. Util. Dist. No. 48 v. Mitchell*, 915 S.W.2d 859, 866 &

n.15 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (discussing failure to adequately brief). Accordingly, we overrule issue three.

In her fourth issue, Rivas asks this Court to "reconsider" her request for retroactive child support in light of Jaco's alleged true income. Rivas's three-sentence argument, however, contains no citations to authority or the record. Accordingly, we hold that Rivas has not presented this Court with adequate briefing and we overrule her fourth issue. *See* TEX. R. APP. P. 38.1(i); *see, e.g.*, *Mitchell*, 915 S.W.2d at 866 & n.15.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.