**Reversed and Remanded and Opinion Filed August 13, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00110-CV**

**IN THE INTEREST OF D.T.S., A CHILD**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-03-1889-R**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Francis
Opinion by Justice Bridges

Edwin Sorensen (Father) appeals the trial court's order denying his motion to modify child support and granting Barbara Sorensen's (Mother) motion to enforce child support obligation. In a single point of error, Father argues the trial court abused its discretion in denying his motion to modify child support. We reverse and remand for further proceedings.

Mother and Father divorced in December 2005. Father paid $925 per month in child support for the couple's child, D.T.S. Father became disabled in April 2010; as a result, D.T.S. received $1078 each month in social security benefit payments beginning in October 2010. In March 2011, Mother filed a motion alleging Father had failed to make certain child support payments and seeking an order enforcing the trial court's child support order. Father filed a response alleging he was unable to provide support in the amount ordered. In July 2011, the trial court conducted a hearing on the parties' motions to modify child support and enforce Father's child support obligations.

At the hearing, Father argued the $1078 social security payment D.T.S. received should be considered an offset of Father's $925 per month child support obligation. Because the $1078 payment exceeded Father's child support obligation, Father argued he should have no further obligation. Mother testified that D.T.S., nineteen at the time of the hearing, is disabled and requires twenty-four-hour care.[1] Mother testified D.T.S. has diabetes, "her cognitive level is age two," and she is "nonverbal." D.T.S. requires $900 per month for her supplies, including medications and medical supplies. Mother testified she was in Chapter 13 bankruptcy and had not made a mortgage payment in a year. At the time of the hearing, Mother was on short-term disability because she had fallen on a previously reconstructed ankle, and she expected to be put on permanent disability. In light of her testimony, Mother asked the trial judge to order Father to continue to make the $925 payment in addition to the $1078 social security payment.

In closing arguments, Father's counsel asked the court to reduce Father's child support payments to zero and stated, though Father did not want D.T.S. institutionalized, "that's where we're likely headed." Mother's counsel emphasized "this is not a guideline support case" and stated, "the Court has the evidence." Mother's counsel asked that "the child support continue in addition to the social security disability payments."

On July 14, 2011, the trial court entered an order containing its findings that Father had failed to make child support payments from October 2010 through June 2011. The order found Father in contempt of court and ordered him to serve ninety days in Dallas County jail "and as long thereafter until he pays the sum of $7162.17." The order suspended Father's sentence as long as he continued to pay $925 together with $200 per month on the arrearage of $7162.17 until fully paid. In addition, the order contained the trial court's findings that D.T.S.'s minimum reasonable needs are in the sum of $2918.36, mother's monthly resources were $1820.53, and

---

[1] The nature and severity of D.T.S.'s disability was not contested.

Father's monthly resources were $3249.80, including a $300 deduction for medical insurance on D.T.S. The court found that father's share of D.T.S.'s needs, after reducing by the amount of social security disability payments, is $1196.23. Accordingly, the trial court found that Father failed to show a material and substantial change of circumstances to justify a reduction of child support. However, because Mother had not requested an increase in the child support payment from Father, the court did not increase the amount Father was required to pay. This appeal followed.

In a single point of error, Father argues the trial court abused its discretion in denying his motion to modify child support. Specifically, Father argues he is entitled to an offset of $1078 in social security benefits D.T.S. receives, bringing his support obligation to zero. We agree.

We review a trial court's judgment on child support for an abuse of discretion. *See Woxford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re K.N.C.*, 276 S.W.3d 624, 626 (Tex. App.—Dallas 2008, no pet.). Section 154.132 of the family code, upon which Father relies, provides that in applying the child support guidelines for an obligor who has a disability and who is required to pay support for a child who receives benefits as a result of the obligor's disability, the court shall apply the guidelines by determining the amount of child support that would be ordered under the child support guidelines and subtracting from that total the amount of benefits of the value of the benefits paid to or for the child as a result of the obligor's disability. TEX. FAM. CODE ANN. § 154.132 (West 2008).

Here, the trial court's order specifically shows Mother did not request an increase in Father's monthly child support payment, and the trial court did not raise the amount of Father's payment from $925. We conclude the trial court, in violation of section 154.132, failed to subtract the $1078 in benefits from the amount the trial court determined was Father's share of child support, $925. *See id.* § 154.132. Thus, the trial court abused its discretion in failing to

offset Father's $925 child support obligation by the $1078 amount received in benefits. *See id.*; *Woxford*, 801 S.W.2d at 109; *In re K.N.C.*, 276 S.W.3d at 626. We sustain Father's point of error.

We reverse the trial court's judgment and remand for further proceedings.

120110F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF D.T.S., A CHILD

No. 05-12-00110-CV

On Appeal from the 254th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-03-1889-R.
Opinion delivered by Justice Bridges.
Justices O'Neill and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED**, and this cause is **REMANDED** for further proceedings.

It is **ORDERED** that appellee Barbara Sorensen recover her costs of this appeal from appellant Edwin Sorensen.

Judgment entered August 13, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE