**Opinion filed July 16, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00147-CV

_____

## IN THE MATTER OF THE ESTATE OF
## TERRY GLENN ARNOLD, DECEASED

**On Appeal from the County Court at Law No. 2**

**Ector County, Texas**

**Trial Court Cause No. 20598-11**

## M E M O R A N D U M   O P I N I O N

This appeal concerns the appointment of an independent administrator of the Estate of Terry Glenn Arnold in Ector County, Texas. In a single issue, G. Brad Carter, Appellant, complains that the trial court was without authority to appoint an independent administrator in the face of a will naming Appellant as the independent executor. We disagree and affirm the order of the trial court.

*Background*

Terry Glenn Arnold passed away in June 2011. Under the terms of his will, he left all of his property to his father or, if his father predeceased him, to his "heirs-at-law." Mr. Arnold named his father as the independent executor and named his best friend, Mr. Carter, as the successor independent executor. His only survivors were his brother, Mr. Larry Walls, and two sisters, Ms. Dala Barron and Ms. Kelli Billings.

On June 24, 2011, Mr. Carter filed an application to probate the will and to be named the independent executor of Arnold's Estate and issued letters testamentary. He also filed an application to be appointed as temporary administrator of the Estate. Mr. Carter was appointed as the temporary administrator of the Estate by the trial court on July 1, 2011, for a period of 180 days, meaning his appointment expired on December 28, 2011.

Approximately a year later, in December 2012, Mr. Bobby Walls, the decedent's nephew, filed an Application for Letters of Administration. A hearing on that application was heard on December 17, 2012. Mr. Bobby Walls was the only witness. The trial court entered an Order Granting Independent Administration and Authorizing Letters of Administration Pursuant to Section 145(e) of the Texas Probate Code. Mr. Carter filed a timely motion for new trial that was heard and denied by the trial court, and this appeal was timely filed.

*Standard of Review*

We first observe that a trial court's ruling on a probate application is generally reviewed under an abuse of discretion standard. *In re Estate of Boren*, 268 S.W.3d 841, 846 (Tex. App.—Texarkana 2008, pet. denied). The trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without

reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

*Discussion*

There is a mandatory hierarchy of appointment for persons seeking to be appointed as the executor of a decedent's estate. If a person named as an independent executor in a decedent's will comes forward within the statutory period for probating a will, offers such will for probate, and applies for letters testamentary, then the trial court has no discretionary power to refuse to issue letters to the named executor unless such person is disqualified. Tex. Est. Code Ann. § 304.001 (West 2014).[1] One of the enumerated disqualifications applies when a person is "unsuitable." *Id.* § 304.003(5). If a trial court determines that a person is disqualified under one or more of the provisions of Section 304.003, it has the statutory authority to refuse to appoint the individual as an independent executor, notwithstanding that the person has been specifically named as the independent executor in a decedent's will. *Id.* §§ 304.001, .003.

There are no findings of fact or conclusions of law in the record before us. And, absent those express findings or conclusions in a bench trial, it is "implied that the trial court made all the findings necessary to support its judgment." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). And, although Mr. Carter asserts that Mr. Bobby Walls presented no evidence that Mr. Carter was "legally disqualified" from being appointed independent

---

[1]We note that the Texas Estates Code did not become effective until after this case was filed. However, because the legislative act adopting the Estates Code and repealing the provisions of the Texas Probate Code was a recodification only, not a substantive change in law, we refer to the Estates Code for ease of reference in this opinion. *See* Act of May 26, 2009, 81st Leg., R.S., ch. 680, §§ 1, 10–12, 2009 Tex. Gen. Laws 1512, 1731–32 (effective Jan. 1, 2014).

executor of the Estate, the record reveals otherwise. Indeed, we need only observe that the record reflects that Mr. Carter failed to file the mandatory sworn accounting, which a temporary administrator is required to do once his appointment has expired. EST. § 452.151(1), (2). This failure is ample authority for the trial court's actions. The trial court did not abuse its discretion. Mr. Carter's single issue is overruled.

We affirm the order of the trial court.


DAVID CHEW

JUSTICE


July 16, 2015

Panel consists of: Wright, C.J.,
Bailey, J., and Chew.[2]

Willson, J., not participating.

---

[2]David Chew, Retired Chief Justice, Court of Appeals, 8th District of Texas at El Paso, sitting by assignment.