Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★  ★ ★ ★

# OPINION

No. 04-08-00921-CV

Linda L. **SHARP**,
Appellant

v.

Tracy M. **SHARP**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 90-CI-07205
Honorable Andy Mireles, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice
Concurring opinion by: Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed: October 14, 2009

AFFIRMED

This is an appeal from an order denying appellant's motion to enforce and clarify a divorce

decree.  We affirm.

## BACKGROUND

On September 21, 1990, the trial court signed a Decree of Divorce, which awarded as

follows:

[to appellee, Tracy M. Sharp] All right, title, and interest in and to Fifty Percent (50%) of the United States Air Force disposable retired or retainer pay to be paid as a result of [Tracy's] service in the United States Air Force.

[to appellant, Linda L. Sharp] All right, title, and interest in and to Fifty Percent (50%) of the monthly amount of the United States Air Force disposable retired or retainer pay to be paid as a result of [Tracy's] service in the United States Air Force, and Fifty Percent (50%) of all increases in the United States Air Force disposable retirement or retainer pay due to cost of living or other reasons, if, as, and when received.

At the time of the divorce, Tracy was retired from the Air Force, and, as a Viet Nam veteran, he later received a 100% disability rating from the Veteran's Association ("VA"). There is no dispute Tracy's injuries qualified him to receive Combat-Related Special Compensation pursuant to a federal statute effective January 2004. *See* 10 U.S.C. § 1413a. Under this statute, veterans, such as Tracy, may receive Combat-Related Special Compensation ("CRSC") in lieu of full retirement pay and Concurrent Retirement Disability Pay. In 2007, Tracy applied for and began receiving CRSC. Because such pay is in lieu of retirement pay, Linda's share of Tracy's retirement benefits decreased substantially. Linda then filed a Motion for Enforcement and Clarification as to Military Retirement Pay, in which she sought clarification of the decree and asked that Tracy be held in contempt. The trial court denied the motion, and this appeal by Linda ensued.

## DISCUSSION

In her motion, Linda alleged Tracy violated the terms of the decree by failing to pay Linda her share of his military retired pay. On appeal, Linda concedes Tracy is entitled to elect to receive CRSC in lieu of his retirement pay. However, she argues that if he does so, he is obligated to reimburse her for her loss. We disagree.

Recently, in *Hagen v. Hagen*, 282 S.W.3d 899 (Tex. 2009), the Texas Supreme Court considered a similar issue as that presented here, but in that case, the court considered Veterans' Administration ("VA") disability pay rather than CRSC. The Court first noted that language of a divorce decree is interpreted in the same manner as language contained in other court judgments. *Id.* at 901. "We construe the decree as a whole to harmonize and give effect to the entire decree." *Id.* "If the decree is unambiguous, the Court must adhere to the literal language used." *Id.* "If the decree is ambiguous, however, the decree is interpreted by reviewing both the decree as a whole and the record." *Id.* "Whether a divorce decree is ambiguous is a question of law." *Id.* at 901-02. The Court also noted that the Texas Family Code provides that trial courts may enter orders of enforcement and clarification to enforce or specify more precisely a decree's property division. *Id.* at 902; *see* TEX. FAM. CODE ANN. § 9.006(a) (Vernon 2006) ("[T]he court may render further orders to enforce the division of property made in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order."). But courts may not "amend, modify, alter, or change the division of property" originally set out in the decree. TEX. FAM. CODE § 9.007(a). "Attempting to obtain an order that alters or modifies a divorce decree's property division is an impermissible collateral attack." *Hagen*, 282 S.W.3d at 902.

The *Hagen* Court stated that "only military disability pay that was an earned property right [may] be divided upon divorce, and VA disability compensation [is] not an earned property right." *Id.* at 903. Because military retirement pay is characterized differently than VA disability benefits, *id.* at 903, military retirement pay does not include VA disability benefits, *id.* at 906. The Court held that, because the Hagens' decree did not award Doris amounts "calculated on" Raoul's gross, or even

total, retirement pay before deductions, the decree "plainly entitled Doris only to part of the Army or military retirement pay Raoul received, if, as, and when he received it. As discussed previously, such military retirement pay did not include VA disability benefits." *Id.* at 907. Thus, the *Hagen* Court concluded that the trial court "did not modify the Hagens' decree; it only clarified that the decree did not divide VA disability pay that was or might become payable to Raoul because of disability resulting from service-connected personal injury or disease." *Id.*

The language contained in the Hagens' divorce decree is substantially similar to that contained in the Sharps' divorce decree. Following *Hagen*, we likewise conclude the Sharps' divorce decree unambiguously awards Linda a percentage of Tracy's military retirement pay if, as, and when he received it. The federal statute authorizing the payment of CRSC provides that such payments are to any "member of the uniformed services who – (1) is entitled to retired pay . . .; and (2) has a combat-related disability." 10 U.S.C. § 1413a(c). This statute specifically states that "[payments under this section are not retired pay." *Id.* § 1413a(g). Therefore, because CRSC is not retirement pay, the Sharps' decree does not divide CRSC that was or might become payable to Tracy based on a combat-related disability.

## CONCLUSION

We recognize, as did the *Hagen* Court, that Tracy's "election to receive VA [disability] benefits has worked an inequity on" Linda. "But the language used in divorce decrees is important, and we must presume the divorce court chose it carefully, especially given the frequency of attempts to enforce decrees – as was the case here – through contempt orders." *Hagen*, 282 S.W.3d at 908.

We therefore conclude the trial court did not err in denying Linda's requested relief.  Accordingly, we overrule Linda's issue on appeal and affirm the trial court's order.

Sandee Bryan Marion, Justice