

NUMBER 13-15-00150-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **TRACIE MARIE SCHEFFLER**<br>**F/K/A TRACIE MARIE PARSON,** | **Appellant,** |
| **v.** | |
| **PAUL MICHAEL PARSON,** | **Appellee.** |

## On appeal from the 81st District Court
## of Wilson County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria**
**Memorandum Opinion by Justice Garza**

This is an appeal from an order granting a motion to dismiss filed by appellee, Paul

Michael Parsons ("Paul"). By three issues, which we address as one, appellant Tracie

Marie Scheffler f/k/a Tracie Marie Parson ("Tracie") contends the trial court erred in (1)

dismissing her petition to correct or amend a domestic relations order ("DRO") concerning

military retirement benefits and (2) failing to grant the relief she requested in her petition to correct or amend the DRO.  We affirm.

## I. BACKGROUND[1]

Tracie and Paul were married in 2004.  On May 24, 2011, the trial court and the parties signed a Corrected Final Decree of Divorce along with a DRO.  The divorce decree provided that Tracie was to receive a portion of Paul's military retirement benefits upon his retirement.  The decree referred to each party's portion "as more particularly specified in the domestic relations order signed in conjunction with this decree and incorporated verbatim in it by reference."  The DRO specified Tracie's portion of Paul's retirement benefits as follows:

> IT IS THEREFORE ORDERED that Former Spouse have judgment against and recover from Servicemember, on Servicemember's retirement from the United States Navy, the amount of disposable retired pay calculated as follows[:]  50.0 percent multiplied by 16.66 percent multiplied by 35.0 percent multiplied by the high-36 month base pay of the Servicemember, which is $3,322.16, with Servicemember's pay grade, which is E-6, and longevity on the date of divorce, which is 18 years 3 months, determined on the date of Servicemember's retirement divided by Servicemember's monthly gross retired pay at retirement multiplied by Servicemember's monthly **disposable** retired pay at retirement.

On January 8, 2015, Tracie filed a "Petition to Correct or Amend Domestic Relations Order for Military Retirement," in which she argued that:  (1) pursuant to the parties' February 3, 2011 Rule 11 Agreement, she was to receive a "½ community interest in [Paul's] military retirement"; (2) two of the values used in the Domestic Relations Order's formula to calculate her share of the retirement benefits were "miscalculated," which resulted in a calculation of her share of the monthly benefits as $92.81 instead of

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

the correctly calculated monthly share of $265.27; and (3) the correct values "were known at the time of divorce but were miscalculated by the attorney's [sic] in preparation of the DRO, which was an inadvertent and unintentional mistake." On January 13, 2015, Paul filed a "Plea to Jurisdiction and Motion to Dismiss and Special Exceptions," in which he argued, among other things, that pursuant to section 9.007 of the family code, the trial court lacked jurisdiction to modify or change the division of property approved in the decree. *See* TEX. FAM. CODE ANN. § 9.007 (West, Westlaw through 2015 R.S.).

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a motion for clarification and enforcement of a DRO for an abuse of discretion. *Beshears v. Beshears*, 423 S.W.3d 493, 499 (Tex. App.—Dallas 2014, no pet.); *see Seabron v. Seabron*, No. 04-12-00482-CV, 2013 WL 4685440, at *2 (Tex. App.—San Antonio Aug. 30, 2013, pet. denied) (mem. op.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without any reference to guiding rules and principles. *Beshears*, 423 S.W.3d at 499 (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)).

"A judgment finalizing a divorce and dividing marital property bars relitigation of the property division, even if the decree incorrectly characterizes or divides the property." *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011). Seeking an order that alters or modifies a divorce decree's property division constitutes an impermissible collateral attack. TEX. FAM. CODE ANN. § 9.007(a), (b); *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009); *see Seabron*, 2013 WL 4685440, at *3. If a divorce decree is unambiguous, "the Court must adhere to the literal language used." *Hagen*, 282 S.W.3d at 901; *Sharp v. Sharp*, 314 S.W.3d 22, 24 (Tex. App.—San Antonio 2009, no pet.). "Whether a divorce

3

decree is ambiguous is a question of law." *Sharp*, 314 S.W.3d at 24 (quoting *Hagen*, 282 S.W.3d at 901–02).

## III. Discussion

Tracie argues that her petition did not seek to impermissibly "modify" the DRO, but only to "clarify" it by using the correct values for the valuation of her share of Paul's military retirement. She argues that because the incorrect values were used in the calculation, the DRO is "ambiguous." We disagree.

The formula for calculating Tracie's share of retirement benefits in the DRO is unambiguous. In her petition to correct or amend the DRO, Tracie concedes that the values were miscalculated by the attorneys and constitute "an inadvertent and unintentional mistake." As noted above, a judgment finalizing a divorce decree and dividing marital property "bars relitigation of the property division, *even if the decree incorrectly characterizes or divides the property.*" *Pearson*, 332 S.W.3d at 363 (emphasis added); *see* TEX. FAM. CODE ANN. § 9.007(a), (b). We hold that the trial court had no jurisdiction to "correct or amend" the DRO, and therefore it did not err in granting Paul's motion to dismiss Tracie's petition. *See* TEX. FAM. CODE ANN. § 9.007(a), (b). We overrule Tracie's issues.

## IV. Conclusion

We affirm the trial court's judgment.


DORI CONTRERAS GARZA,
Justice

Delivered and filed the
8th day of October, 2015.

4