**Opinion filed March 20, 2025**



## In The

# Eleventh Court of Appeals

_____

### No. 11-24-00071-CV

_____

### BAYLOR COUNTY SPECIAL UTILITY DISTRICT,
### Appellant/Cross-Appellee

### V.

### CITY OF SEYMOUR, TEXAS,
### Appellee/Cross-Appellant

**On Appeal from the 50th District Court**

**Knox County, Texas**

**Trial Court Cause No. 10378**

## O P I N I O N   O N   M O T I O N   F O R   R E H E A R I N G

On January 30, 2025, this court issued an opinion in this cause in which we held, among other things, that the parties' contract is a "requirements contract" and that the trial court properly dismissed a declaratory-judgment claim asserted by Appellee and Cross-Appellant, City of Seymour, Texas (Seymour). *Baylor Cnty.*

*Special Util. Dist. v. City of Seymour*, No. 11-24-00071-CV, 2025 WL 336966, at *7, *9 (Tex. App.—Eastland Jan. 30, 2025, no pet. h.). Appellant and Cross-Appellee, Baylor County Special Utility District (Baylor), has filed a motion for rehearing in which it asks us to "modify [our] opinion in two respects to clarify that Baylor is not forfeiting its standalone defenses against Seymour's causes of action." Although we recognize Baylor's concerns, we deny its motion for rehearing.

First, Baylor states that we should reconsider and "remove" the following statement: "Importantly, Baylor presented no evidence that Seymour could not fulfill its water supply requirements or that its acquisition of water from other sources was due to Seymour's inability to provide same." *Id.* at *7. Baylor contends that the statement is "misleading because it could imply that Baylor has no such evidence" and "unnecessary because the essence of Baylor's interlocutory appeal was that the contract could be construed without any parol evidence." Baylor states that its "removal would eliminate any confusion on remand regarding Baylor's presentation of evidence in support of its necessity defense." Seymour responds that "the opinion does not constitute a bar to the presentation of evidence by Baylor upon remand." We agree with Seymour. The suit continues following our disposition of this interlocutory appeal and Baylor has all relevant, available defenses at its disposal as the case proceeds in the trial court. Nothing in this statement forecloses Baylor's ability to present evidence in support of its defenses as the proceedings continue.

Moreover, while courts should not delve into the merits of the case in ruling on a plea to the jurisdiction, "a court deciding [the plea] is not required to look solely at the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Here, Baylor argued that Seymour's claims were "barred, in whole or in part, by lack of jurisdiction and by governmental immunity." As we discussed in our opinion:

Baylor argued that because the contract is not a "requirements contract," Baylor could not have breached it by purchasing treated water from a third party. Moreover, Baylor contended that any statute that would permit Seymour to recover attorney's fees was inapplicable. Baylor further asserted that Section 271.153 of the Texas Local Government Code, permitting recovery of attorney's fees in breach-of-contract cases with a local governmental unit, was limited to recovery for contracts executed after June 19, 2009, which the execution of this contract predated.

In a supplement to its plea to the jurisdiction, Baylor argued that because the contract in question is not a requirements contract, the trial court should dismiss Seymour's request for declaratory and injunctive relief. In a second supplement, Baylor established that the Corporation had converted to a special utility district, and it attached relevant documents from the Texas Commission on Environmental Quality pertaining to Baylor's conversion and an assignment of intangible business property, which included the contract with Seymour.

*Baylor*, 2025 WL 336966, at *2. The trial court was permitted to consider evidence in deciding Baylor's plea. *Blue*, 34 S.W.3d at 554–55; *see City of Webster v. Hunnicutt*, 650 S.W.3d 792, 797 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) (Appellate courts do not consider the merits of the underlying claims and examine only the "pleadings and the evidence pertinent to the jurisdictional inquiry."); *Hunt v. City of Diboll*, 574 S.W.3d 406, 418 (Tex. App.—Tyler 2017, pet. denied) (same).

Second, Baylor states that we should reconsider and "remove" the following statement: "Moreover, because our decision today concludes that the contract is a requirements contract, Seymour's claim for declaratory judgment is moot." *Baylor*, 2025 WL 336966, at *9. Baylor contends that this statement "suggests that Seymour has already prevailed on the substance of its 'requirements contract' allegations, when Baylor still has meritorious defenses against such allegations" and that the statement is "unnecessary because [the] previous sentence was correct and sufficient

3

to affirm the dismissal of Seymour's declaratory judgment claim." Seymour responds that, because this court has determined that the contract is a requirements contract as a matter of law, "the fact finder has no need to make such a determination" and states that "there is no further need for declaratory relief on that issue."

The declaratory relief at issue was described in Seymour's "Fifth Cause of Action." In its original petition, Seymour alleged and requested the following:

> [Seymour] contends Defendant [North Central Texas Municipal Water Authority] NCTMWA cannot legally sell treated water to defendant Baylor and defendant Baylor, as per Section 3 of the 1994 agreement, may not legally acquire treated water from any source other than [Seymour]. The sale of treated water by a source other than [Seymour] violates the 1994 contract. [Seymour] is seeking a judgment declaring the sale, or provision of, treated water from NCTMWA to Baylor to be prohibited.

"The purpose of the [UDJA] . . . is to declare existing rights, status, or other legal relations. The statute cannot be invoked as an affirmative ground of recovery to revise or alter such rights or legal relations." *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 164 (Tex. 1993) (internal citations and quotation marks omitted). The basis of Seymour's claim for declaratory relief was the requirements contract. That was the right or status at issue. Because we determined that the contract is a requirements contract—and that Seymour could not seek a determination of their rights and responsibilities against Baylor, a governmental entity—the trial court properly dismissed Seymour's claim for declaratory relief with prejudice for want of jurisdiction.

Moreover, Seymour nonsuited the other defendant, NCTMWA, that it sought to obtain a declaratory judgment against, stating that its "nonsuit [was] effective immediately upon filing." At the beginning of the hearing on the plea to the jurisdiction, the trial court stated that it was its "understanding that the second

4

defendant has been nonsuited," which was confirmed by both parties. In its claim for declaratory relief, Seymour contended that "*Defendant NCTMWA cannot legally sell treated water to defendant Baylor*," and sought "a judgment declaring the sale, or provision of, treated water *from NCTMWA* to Baylor to be prohibited." (Emphasis added). "Rule 39, like the [UDJA], mandates joinder of persons whose interests would be affected by the judgment." *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a) (West 2020) (When a party seeks declaratory relief, "all persons who have or claim any interest that would be affected by the declaration must be made parties."); TEX. R. CIV. P. 39. In this regard, a trial court is without jurisdiction to issue a judgment to declare the rights and status of a party not before the court—here, NCTMWA. *See Brooks*, 141 S.W.3d at 162, 164 (The trial court was without jurisdiction to issue a judgment with respect to parties not joined in the action, and any judgment affecting or opinion interpreting the non-parties land, or their rights thereto, would be advisory).

Thus, as we held in our original opinion, the trial court's dismissal of Seymour's request for declaratory relief, which included Baylor and a non-party, was proper. *Baylor*, 2025 WL 336966, at *9; *see also Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (When, as here, no findings of fact or conclusions of law were requested or filed, "[t]he judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence."); *Woods v. Cmtys. in Sch. Se. Tex.*, No. 09-14-00021-CV, 2015 WL 2414260, *6 (Tex. App.—Beaumont May 21, 2015, no pet.) (mem. op.) ("We will affirm the trial court's dismissal order on any legal theory supported by the record."). That claim for declaratory relief remains dismissed. As we have said, Seymour, in its response, confirms that "there is no further need for declaratory relief on that issue." Nothing in our opinion suggests that Seymour "has already prevailed" on its substantive claims, nor does it foreclose

Baylor's relevant, available defenses to such claims that Baylor may raise as the proceedings continue.

We deny Baylor's motion for rehearing.

W. BRUCE WILLIAMS
JUSTICE

March 20, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.